## COMMONWEALTH *vs.* EDWARD BARKER.

Suffolk.   November 16, 1903. — March 31, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Evidence. Husband and Wife.*

Under R. L. c. 175, § 20, either a husband or a wife can testify against the other in a criminal proceeding, if the one testifying is willing to do so.

INDICTMENT, found in the county of Suffolk on January 10, 1903, charging the defendant with polygamy on April 21, 1902.

The jury returned a verdict of guilty ; and the defendant alleged exceptions, raising the single question stated by the court.

*P. H. Kelley,* for the defendant.

*J. D. McLaughlin,* Second Assistant District Attorney, for the Commonwealth, submitted a brief.

MORTON, J. This is an indictment against the defendant for polygamy. There was a verdict for the Commonwealth, and the case is here on the defendant's exceptions. The person alleged to be the lawful wife of the defendant was called as a witness against him and without the consent and against the objection of the defendant was allowed to testify to material facts tending to prove his guilt. The only question is whether she should have been allowed to so testify without his consent. At common law a married woman could not testify in such a case against her husband. *Kelly* v. *Drew,* 12 Allen, 107. But by various statutes which were consolidated in Gen. Sts. c. 131, §§ 13, 14, 15, 16, the common law was greatly changed. It was changed still more by St. 1870, c. 393, which was substantially re-enacted in Pub. Sts. c. 169, §§ 18 *et seq.,* and in R. L. c. 175, §§ 20 *et seq.* It is now provided that "Any person of sufficient understanding, although a party, may testify in any proceeding, civil or criminal, in court, or before a person who has authority to receive evidence, except as follows : First, Neither husband nor wife shall testify as to private conversations with each other. Second, Neither husband nor wife shall be compelled to testify in the trial of an indictment, complaint or other criminal proceeding against the other." R. L. c. 175, § 20. The effect of

these provisions is to render every person competent to testify except that husband and wife cannot testify to private conversations or be compelled to testify in criminal proceedings against each other.    There is nothing which prevents a husband or wife from testifying against the other in criminal proceedings if the one testifying is willing to do so.    The competency of the one testifying in such a case does not depend on the consent of the other.    The only limitation is that the husband or the wife cannot be compelled to testify, and cannot testify to private conversations.    The case of *Kelly* v. *Drew, ubi supra,* relied on by the defendant, arose under the General Statutes, and consequently is not applicable to the case before us.    The statutes cited from other States differ materially from our own, and do not affect its construction.

*Exceptions overruled.*