BARTHOLOMEW MALONEY *vs.* ROBERT PHILPOT.

Middlesex.     November 13, 1914. — December 29, 1914.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Evidence,* Self-serving statements, Relevancy and materiality.     *Witness,* Impeachment of credibility.     *Practice, Civil,* Conduct of trial.     *Libel and Slander.*

In an action for an alleged libel charging the plaintiff, who was an assistant superintendent of public works of a city, with taking pay for services rendered on certain days without having rendered the services, the plaintiff, after having testified that he worked for the city on the days in question, cannot put in evidence a time sheet, kept in the office of the superintendent of public works, purporting to have been made up by the plaintiff in the ordinary course of his employment, for the purpose of showing that he had made the record that he had worked for the city on the days in question, this being a self-serving statement and in no way a public record; and the admission in evidence by a presiding judge of such a time sheet under these circumstances is an error injuriously affecting the substantial rights of the defendant, to which an exception will be sustained.

At the trial of an action for an alleged libel charging the plaintiff, who was an assistant superintendent of public works of a city, with taking pay for services rendered on certain days without having rendered the services, and in being inefficient and neglectful of his duty on those days by performing no services for the city and receiving pay as if he had worked properly, it is right for the presiding judge to exclude evidence offered to show that the defendant had advised the plaintiff to stop drinking, also to exclude evidence offered to show that the plaintiff while on duty as a foreman for the city was intoxicated,

no particular time being designated, and also to exclude evidence offered to show that the men under the plaintiff "were neglected and not properly bossed," none of these matters being relevant to the issues on trial.

Upon the cross-examination of the plaintiff in an action for libel, after he has been called in rebuttal to answer a question of his own counsel, if the defendant offers in evidence the record of a conviction of the plaintiff for drunkenness in order to impeach his credibility as a witness, the exclusion of the record of conviction at that stage of the trial is a matter within the discretion of the presiding judge, it being too late for the defendant to put it in as a matter of right.

Tort for an alleged libel, consisting of a letter written by the defendant to the mayor of the city of Melrose, containing the charges against the plaintiff which are stated in the opinion. Writ dated March 11, 1907.

At the trial in the Superior Court before *Lawton, J.,* the jury returned a verdict for the plaintiff in the sum of $1,500; and the defendant alleged exceptions to the admission in evidence of certain pay sheets offered by the plaintiff and the exclusion of certain evidence offered by the defendant as stated in the opinion.

*J. J. O'Connor,* for the defendant.

*T. W. Proctor,* (*G. F. McKelleget* with him,) for the plaintiff.

Crosby, J. This is an action of tort to recover damages for libel. The alleged libel was contained in a letter which the defendant is charged with having written to the mayor of the city of Melrose. The plaintiff was employed by the city as an assistant superintendent of public works.

The letter charges the plaintiff with having demanded and received pay from the city for services rendered by him on May 2 and May 5, 1905, and that he did not render such services on those dates. The letter also charges the plaintiff with being inefficient and neglectful of his duty on those dates, because he performed no services for the city, but received pay therefor on the dates named.

The exceptions relate only to the admissibility of evidence.

The first exception is to the admission in evidence by the presiding judge of a time sheet, kept in the office of the superintendent of public works, for the purpose of showing that the plaintiff was at work for the city on May 2 and 5, 1905. This time sheet was made by the plaintiff, and from it the pay roll was made up.

The time sheet was clearly inadmissible. It was mere hearsay, and was not competent because made by the plaintiff in the or-

dinary course of his employment. It is not contended that it was a public record. Nor was it contended at the trial that the plaintiff's testimony was a recent fabrication.

It is a familiar principle that self-serving statements, whether oral or written, are inadmissible. It was not competent for the plaintiff to put in his declarations in his own favor. He could not add force to his testimony by showing that he had reported on a time sheet that he had worked for the city on May 2 and 5. *Corcoran* v. *Batchelder*, 147 Mass. 541. The admission of this time sheet related to an issue of vital importance, namely, whether the plaintiff was at work for the city on the dates named, and may have had a controlling influence upon that issue in the estimation of the jury. For this reason we cannot find that the admission of this evidence has not injuriously affected the substantial rights of the defendant. Accordingly the first exception must be sustained.

The other exceptions may be disposed of briefly.

Evidence that the defendant had advised the plaintiff to stop drinking could have had no bearing upon any issue involved, and was properly excluded.

The evidence offered to show that the plaintiff while on duty as foreman for the city was intoxicated was incompetent and properly excluded. There was no offer of evidence to show when it occurred.

The defendant's offer to show that the men under him "were neglected and not properly bossed," had no bearing upon any issue involved, and was therefore inadmissible.

The defendant's fifth exception is to the exclusion by the presiding judge of a record of the conviction of the plaintiff for drunkenness. This evidence was offered to affect the credibility of the testimony of the plaintiff, and was offered on the cross-examination of the plaintiff after he had been called in rebuttal and had answered a question from his own counsel. The record of conviction was offered too late to entitle the defendant to put it in as a matter of right. At that stage of the trial, it was within the discretion of the judge to determine whether it should be admitted. It follows that all the exceptions are overruled, except the first, which for the reasons stated must be sustained.

*So ordered.*