COMMONWEALTH *vs.* ANNIE SALTZMAN.

Suffolk.     December 9, 1926. — January 3, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Intoxicating Liquor*, Keeping with intent to sell unlawfully. *Evidence*, Competency. *Husband and Wife. Witness.*

At the trial of a complaint charging a woman with the illegal keeping of intoxicating liquor with intent to sell the same, the following evidence was admissible:

(1) Testimony by a police officer that, in the presence of the defendant and at the store where the liquor afterwards was found and seized on a search warrant, he asked her husband, "What is the trouble here?" and the husband said, "she is selling liquor here, there is liquor in the store now" and that the defendant said nothing;

(2) A certified copy of a certificate purporting to have been filed by one Martha S. under G. L. c. 209, § 10, stating that she was a married woman and was doing business on her own account at the place described in the complaint, together with inquiry of the defendant, whose name was Annie S., to which, being shown the certificate, she replied that the store was purchased by her son; that her husband took her to a lawyer's office to sign a paper; that she could not read or write, but that she made a cross to a paper but did not know what the paper contained, there being no evidence that she executed any other paper.

COMPLAINT, received and sworn to in the District Court of Chelsea on May 19, 1926, charging the keeping on that date of intoxicating liquor with intent unlawfully to sell the same.

On appeal to the Superior Court, the case was tried before *Hayes*, J., a judge of a district court sitting in the Superior Court under Sts. 1923, c. 469; 1924, c. 485; 1926, c. 285. Material evidence and exceptions by the defendant are stated in the opinion. The "married woman's certificate,"

though not otherwise described in the record than as stated in the opinion, apparently was a certificate filed under G. L. c. 209, §§ 10, 11. A certified copy of the certificate was introduced by the Commonwealth during examination of the defendant. The defendant was found guilty and alleged exceptions.

The case was submitted on briefs.

*M. Caro*, for the defendant.

*H. W. Sullivan*, Assistant District Attorney, for the Commonwealth.

CROSBY, J. The defendant was convicted in the Superior Court on a complaint charging her with keeping, on May 19, 1926, intoxicating liquors with intent unlawfully to sell the same. At the trial the judge, subject to the defendant's exception, permitted a police officer to testify that he went to a store at No. 63 Williams Street in Chelsea, and there had a conversation with one Samuel Saltzman (the defendant's husband) in the presence of the defendant; that in reply to the officer's question, "What is the trouble here?" Saltzman said, "she is selling liquor here, there is liquor in the store now." To this statement the defendant made no reply. Intoxicating liquor was found and seized by virtue of a search warrant on these premises. The evidence of what was said in the defendant's presence was rightly admitted. It was for the jury to decide whether the defendant heard the statement, and if so, whether by her silence she admitted its truth. *Commonwealth* v. *McCabe*, 163 Mass. 98, 102. *Commonwealth* v. *Klosowski*, 252 Mass. 149, 151.

Either a husband or wife may testify against the other in a criminal proceeding, if the one testifying is willing to do so. G. L. c. 233, § 20. *Commonwealth* v. *Barker*, 185 Mass. 324. See *Commonwealth* v. *Spencer*, 212 Mass. 438, 451.

The defendant also excepted to the admission in evidence of a certified copy of a married woman's certificate dated October 25, 1925, purporting to be signed by mark of one Martha Saltzman which recited that said Martha Saltzman proposed to do business on her own account at No. 63 Williams Street in Chelsea. The defendant in cross-examina-

tion was shown the certificate and stated that the store was purchased by her son; that her husband took her to a lawyer's office to sign a paper; that she could not read or write, but that she made a cross to a paper, but did not know what the paper contained. The christian name in the certificate was not that of the defendant; yet in view of the facts that her surname was described therein correctly, that the premises described were those where she was found when the liquor was seized, and that she signed the paper by her mark, and as there was no evidence that she executed any other paper, it could not rightly have been ruled that the certificate was inadmissible. It was a question for the jury to decide, upon all the evidence and the reasonable inferences to be drawn therefrom, whether she executed the certificate. If they found that she did, they could also have found that she was conducting the business at this store. Accordingly this exception cannot be sustained. See *Smith* v. *Buffum,* 226 Mass. 400, 402.

*Exceptions overruled.*