FRIEDA GOLD *vs.* BENJAMIN MARSHALL & another.

Suffolk.   March 16, 1927. — July 1, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Evidence*, Competency, Book entry.

At the trial of an action by the payee against two makers of a promissory note, where it appeared that the defendants were partners, it was proper to exclude testimony that one defendant stated to the other in the absence of the plaintiff that he had paid the note.

A refusal by the judge, at the trial of an action against members of a partnership as makers of a promissory note, to admit in evidence a book entry made by one defendant in his book and tending to show payment of the note, will not be declared erroneous where the record before this court does not show that the book entry offered was made in the books of the partnership, or that the trial judge found it to have been made in good faith, in the regular course of business, and before the beginning of the proceeding.

CONTRACT by the payee against Benjamin Marshall and Israel Gold, the makers of two promissory notes each in the sum of $1,000. Writ in the Municipal Court of the City of Boston dated September 15, 1926.

At the trial in the Municipal Court, it appeared that the defendant Gold, father of the plaintiff, had been in the dry goods business and that he used money given him by the plaintiff for investment, in the purchase of merchandise in connection with his business; that on April 5, 1921, the defendants in this action entered into a partnership; that when the partnership was formed, each partner contributed merchandise rather than money; that, the merchandise contributed by the defendant Gold being largely in excess of that contributed by the defendant Marshall, they agreed that the defendant Gold should withdraw from the partnership money to equalize the amount, so that the balance remaining to

Gold's credit would be equal to that to the credit of Marshall plus $1,000, and, to accomplish that result, the defendants executed three promissory notes for $1,000 each to the plaintiff, for which no consideration was given by the plaintiff at the time of the execution of said three promissory notes, other than as above stated. One of the notes for $1,000 was paid by the partnership to the plaintiff who immediately turned the money over to her father, one of the defendants, and thereupon she surrendered one note. This action is upon the other two notes.

The defendant Marshall made an offer of proof that during the existence of the partnership the defendant Gold told the defendant Marshall that he had withdrawn the sum of $2,000 from the partnership to discharge the obligation incurred on the two promissory notes sued upon; that he told him that the defendant Gold in behalf of his daughter, the plaintiff, received the money from the partnership funds; and thereupon Marshall made an entry in his books of said payment and offered his books in evidence in support thereof. This evidence the trial judge refused to admit and the defendant Marshall claimed a report.

The judge in the Municipal Court, having found for the plaintiff in the sum of $2,100, reported the action to the Appellate Division. The report was ordered dismissed. The defendant Marshall appealed.

*W. Hirsh,* for the defendant Marshall, submitted a brief.

*S. Miller,* for the plaintiff.

WAIT, J. There is nothing in this appeal. The evidence excluded was a statement made in the absence of the plaintiff by one partner to another, that he had paid the firm note in question.

It does not appear that the book entry offered was made in the books of the partnership, or that the trial judge found it to have been made in good faith, in the regular course of business, and before the beginning of the proceeding. Consequently G. L. c. 233, § 78, which makes books of account admissible in certain cases, has no application here.

No citation of authorities is necessary.

*Order dismissing report affirmed.*