*Northern District*

No. 4785

## ALFRED TOLETTI

v.

## EDGAR P. PELLETIER d-b-a PELLETIER REALTY CO.

*Brooks, J.* This is an action of contract wherein plaintiff seeks to recover a commission claimed to be due from defendant for selling a parcel of real estate. The declaration contains two counts; one on a special contract, the other on an account annexed. Defendant filed an answer of general denial, allegation of payment and wilful violation of the terms and conditions of his contract of employment with defendant.

There was a finding for plaintiff in the sum of $246 on count two. (Cherry, J.)

Defendant was a real estate broker who, in September of 1953, hired plaintiff as a real estate salesman. They entered into a contract setting forth the conditions of employment. The only section of the contract required to be set forth here reads as follows:

"7. The employer agrees to compensate the employee for his services on the following basis: Upon actual receipt by the employer of the real estate broker's commission in connection with the sale of real estate, the listing of which real estate was secured by the employee *and so acknowledged by the employer,* the employer shall pay to the employee ten per centum (10%) of such commission after ten percentum (10%) has first been deducted from said gross commission to be applied to advertising and all other general expenses which shall have accrued to the employer. Upon actual receipt by the employer of the real estate broker's commission in connection with the sale of real estate, the actual purchaser of which was secured by the employee, and the sale of which was affected (sic) by the employee and so acknowledged by the employer, the employer shall pay to the employee forty percentum (40%) of such commission."

There was evidence to support the judge's finding to the effect that plaintiff was the efficient cause of the sale in question and that a commission was received by defendant from the vendor, no part of

which has he paid over to plaintiff. When plaintiff demanded payment of defendant, the latter said, "I'll pay it when I'm good and ready."

Defendant filed seven requests for rulings. These, together with the court's action thereon, are as follows:

"1. Upon all the evidence in the case the Court is warranted in finding for the defendant.

Given.

2. That the burden of proof is on the plaintiff to establish that he has performed the contract between him and the defendant.

Given.

3. That upon the evidence the plaintiff was in default of the terms and conditions of his said contract with the defendant, and the plaintiff is not excused by reason of his inexperience in such matters.

Not given. I do not so find.

4. That the plaintiff has not substantially performed the terms and conditions of his contract of employment and, therefore, is not entitled to recover in this action under Count 1 of his declaration.

Not given. I do not so find.

5. That the plaintiff has intentionally violated the terms and conditions of his contract of employment and, therefore, is not entitled to recover in this action under Count II of his declaration.

Not given. I do not so find.

6. That the conduct of the plaintiff while in the employment of the defendant was an intentional and wilful violation of the terms and conditions of his contract of employment with the defendant and, therefore, he cannot recover either on the contract or on a quantum meruit.

Not given. I do not so find.

7. That under the contract of employment with the defendant, if the plaintiff effected a sale, such sale must have been acknowledged by the defendant,

otherwise the plaintiff was not entitled to a commission or any part thereof.

> Not given. I find that the defendant not only acknowledged the sale, but actually received a full broker's commission; and to permit the defendant to retain the entire commission without paying the plaintiff his share would amount to an unjust enrichment."

The issue before us concerns the legal effect of the requirements in the contract that defendant acknowledge the sale to have been effected by plaintiff. Was such an acknowledgment, expressed or implied, necessary, and what form might that acknowledgment take? The trial judge found as a fact that defendant acknowledged the sale. While the judge does not specifically find that defendant acknowledged plaintiff to have been the efficient cause of the sale, it is to be assumed that that is what he meant since it needed no argument that receipt of the commission by defendant was all but conclusive proof of the sale itself. It is evident from plaintiff's argument and from his brief that he considered that the judge intended to imply that the condition of the contract relative to acknowledgment had been complied with including acknowledgment of plaintiff's part in securing the sale.

If the judge was referring to an expressed acknowledgment, the basis, therefore, would have to be the evidence that after the sale plaintiff demanded payment and that defendant replied, "I'll pay it when I'm good and ready." While that is a somewhat backhanded manner of acknowledgment, failure to deny the sale and plaintiff's part in effecting it has some evidentiary significance. It is similar to the failure of a party to deny damaging statements attributed to him when he could readily have made a denial. Evidence of such failure to deny is always admissible in evidence, both in civil and criminal cases. *Simon v. Lettiere,* 257 Mass. 563 and *C. v. Brailey,* 258 Mass. 109.

Furthermore, the situation is analogous to one frequently arising when a builder agrees to perform to the satisfaction of the other party to the contract. It is generally held that when the builder otherwise performs the contract according to its terms the other party cannot escape performance merely by asserting that he is not satisfied. He cannot, in other words, act unreasonably. His dissatisfaction must have some reasonable basis. In *Hawkins v. Graham*, 149 Mass. 284, where the contract for heat installation provided in part that: "In the event of the system proving satisfactory and conforming with all the requirements as above provided for, the sum of fifteen hundred and seventy-five is to be paid me after such acknowledgment has been made by the owner or the work demonstrated."

*Hawkins v. Graham* is pertinent to the case before us:

"The only question in this case is whether the written agreement between the parties left the right of the plaintiff to recover the price of the work and materials furnished by him dependent upon the actual satisfaction of the defendant. Such agreements usually are construed, not as making the defendant's declaration of dissatisfaction conclusive, in which case it would be difficult to say that they amounted to contracts, but as requiring an honest expression. In view of modern modes of business, it is not surprising that in some cases eager sellers or selling agents should be found taking that degree of risk with unwilling purchasers, especially where taste is involved.

"Still, when the consideration furnished is of such a nature that its value will be lost to the plaintiff, either wholly or in great part, unless paid for, a just hesitation must be felt, and clear language required, before deciding that payment is left to the will, or even to the idiosyncrasies, of the interested party. In doubtful cases, courts have been inclined to construe agreements of this class

as agreements to do the thing in such a way as reasonably ought to satisfy the defendant."
Cited in *Benjamin Foster Company v. C.*, 318 Mass. 190 at 209.

See also *Cashman v. Proctor*, 200 Mass. 272 at 275; *Fechterler v. Whittemore*, 205 Mass. 6 at p. 10; *Favale v. Siegal*, 275 Mass. 309 at 312; Restatement of Law of Contracts, par. 265.

On the record which includes the judge's finding, there appears to be no reasonable ground for defendant's refusal to acknowledge plaintiff's part in securing the sale. The trial court's conclusion that the contract was performed and that plaintiff was entitled to his commission cannot be held to be erroneous.

Report dismissed.

Richard Coughlin, for the plaintiff.

Sisk Bros., for the defendant.