*Northern District*

No. 4793

**MADELINE E. SORDILLO**

v.

**GENERAL STEEL PRODUCTS, INC.**

(May 11, 1955)

*Brooks, J.* This is a suit in tort for personal injuries and property damage arising out of a collision July 1, 1953, between two automobiles owned by plaintiff and defendant, respectively.

At the trial (*Walters, J.*) held June 21, 1954, plaintiff testified that immediately following the accident in which she was injured, the operator of the other car started away from the scene without identifying himself; that she wrote down a registration No. 484-181 which was purportedly the number of the car which left the scene after being involved in the accident with her; that she went to the Cambridge Police Station where she filed a police report. Before cross-examination of plaintiff, without objection of defendant, Officer Charles Delaney of the Cambridge Police force was called to the stand by plaintiff and testified that in answer to a summons by plaintiff, he had brought with him a police report which was signed and filed by plaintiff on July 1, 1953, at the Cambridge Police Station. Officer Delaney was interrogated as follows by plaintiff:

"QUESTION: 'Will you please read the report of Madeline E. Sordillo?' Objection by the defendant to the reading of this report.

"The objection was overruled by the court

and the defendant requested that the ruling be reported.

"ANSWER TO WITNESS:   The report was read by Officer Delaney and in substance it stated that the plaintiff was involved in an accident with a car with registration No. 484-181 and that the operator of the car left the scene without identifying himself and it further stated that the plaintiff claimed she was injured."

Plaintiff's counsel then offered the police report as read by Officer Delaney in evidence as Exhibit 2. Defendant objected. The objection of defendant was overruled and defendant requested that the said ruling be reported. Plaintiff's police report was admitted as Exhibit 2 by the court.

While the report contains no reference to the court's finding in this case, it can reasonably be deduced that the finding was for plaintiff. This is corroborated by the docket entries. It also may be inferred that defendant offered no testimony.

Defendant having claimed a report at the time of the admission of the above evidence, within five days filed a draft report. Thereafter, on July 8, the court made its finding and notice thereof was mailed to the parties. No other request for a report or draft report was filed by defendant.

Neither plaintiff's nor defendant's brief discussed the question which was first raised by one of the justices of this court at the hearing before this tribunal: namely, whether defendant's failure to file a draft report within five days after notice of the finding is fatal to its appeal. This procedural question appears not to have occurred to either counsel. If there is merit in the suggestion that defendant should have filed a second draft report within the time required after the finding, the issue before us is disposed of and the report should be dismissed.

Rules 27 and 28 of the District Courts deal with

the filing of draft reports. Paragraphs 3 and 4 of Rule 27 are as follows:

"The written request for a report to the Appellate Division shall include a clear and concise statement of the rulings upon which a rehearing is requested sufficiently full and accurate for identification. Such request for a report shall be filed with the clerk within five days after notice of the finding or decision.

"When the objection is to the admission or exclusion of evidence, the claim for a report shall also be made at the time of the ruling and shall be reduced to writing in a summary manner and filed with the clerk within five days after the making of such ruling. A draft report filed within the period required for a request for a report under this rule shall be deemed to include a request for a report."

The pertinent part of Rule 28 is as follows:

"The party requesting a report shall file a draft thereof within ten days after notice of the finding or decision in the cause provided the cause be then ripe for judgment except for the pendency of requests for rulings and request for a report or a motion for a new trial—otherwise within ten days after the cause becomes ripe for judgment."

In our opinion, a reasonable construction of these rules does not require a litigant whose sole appeal is to a ruling on the admission of evidence made during the trial to file two identical reports, one within five days of the ruling and the other within ten days of the notice of the finding. Under paragraph 4 of Rule 27, the filing of a draft report within five days of a ruling on the admission of evidence during the trial obviates the necessity for filing a claim for a report. If no other question is to be raised by the draft report, there seems no occasion for a further draft report such as would be required if

an appeal were taken on the disposition of requests for rulings. We do not believe that the section quoted from Rule 28 is intended to apply to a situation such as is presented here.

With regard to the issue involved in the court's admission of plaintiff's written report to the police and the police officer's testimony, all of which was objected to by defendant, the admission was prejudicial error.

Self-serving statements are generally inadmissible on behalf of the person making them. The reason for the rule was cogently stated both by counsel for the defendant and by the court in *Deshon v. Merchants Insurance Co.*, 11 Met. 199, 209. It is of passing interest that counsel in question was Benjamin R. Curtis, later justice of the United States Supreme Court; his opponent was Rufus Choate and the chief justice of the court was Lemuel Shaw.

The reason put forward for the exclusion of such evidence by defendant's counsel was that, among other things, it was not under oath. The court stated its reason as follows:

"To permit such statements is not within the acknowledged rules of evidence as known and practiced in this Commonwealth; and the introduction of such a practice we feel would open the door to great frauds in the hands of dishonest persons."

See also *Viles v. Waltham*, 157 Mass. 542, 543. *Walsh v. Wyman Lunch*, 244 Mass. 407, 409. *Wilson v. Jeffrey*, 328 Mass. 192, 195.

As was pointed out in *Wilson v. Jeffrey*, there are exceptions to this rule. They include the following:

1. Where statements are made in the presence of the opposing party who has an opportunity to contradict them. This is a universally recognized procedure.

2. Where the statement is offered to rebut the claim that testimony given during the trial is of recent contrivance. *Griffin v. Boston,*

188 Mass. 475, 476. *C. v. Saltzman,* 258 Mass. 109, 110.

3. Where the statement can be found to be part of the res gestae. *Haynes v. Rutter,* 24 Pick. 242, 245. *Conklin v. Cons. Railway,* 196 Mass. 302, 306. *Robinson v. John Doe,* 224 Mass. 319, 323.

4. Records kept in the ordinary course of business. G. L., c. 233, s. 78. *Gold v. Marshall,* 260 Mass. 492.

5. Declarations of a deceased person. G. L., c. 233, §§65, 65A.

A report made at a police station does not come within any of these exceptions. It certainly would "open the door to great fraud" if an automobile operator could give a written statement at a police station which would be admissible at a subsequent trial. Being in written form, this statement would be likely to carry more weight than the writer's oral testimony, which had been given under oath and subject to cross-examination.

The court in *Wilson v. Jeffrey,* supra, answers the argument that the written statement, while technically inadmissible, is not prejudicial since oral testimony to the same effect is already before the court. The court says:

"There is danger that the corroborative evidence may be considered by a jury as affirmative evidence of its truthfulness. There was no basis for the introduction of this corroborative evidence and we cannot agree with the defendant that if its admission was error, it did not constitute prejudicial error."

The finding and judgment are to be vacated and the case remanded for a new trial.

Melvin Silverman, for the plaintiff.

Weber, Rooney & Andrews, for the defendant.