COMMONWEALTH *vs.* ANGELO M. FATALO
(and a companion case between the same parties).

Middlesex.    October 1, 1962. — November 5, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
& SPIEGEL, JJ.

*Evidence,* On redirect examination, Competency, "Self-serving" evidence, Hearsay evidence. *Practice, Criminal,* Exceptions: whether error harmful. *Error,* Whether error harmful.

At the trial of indictments for two assaults in a certain city several days apart on a victim who testified unequivocally that the defendant participated in each assault, after the defendant had testified on direct examination that at the time of the second assault he was in a rooming house in another city with a companion whose testimony corroborated his, but had admitted on cross-examination that when arrested he did not tell the police where he had been at the time of that assault, it was error requiring the setting aside of verdicts of guilty on both indictments for the judge to refuse to permit the defendant to explain on redirect examination why he did not tell the police where he had been. [86–87, 88]
Discussion of "self-serving" evidence. [87–88]

INDICTMENTS found and returned on September 13, 1961. The cases were tried before *Good,* J.

*F. Lee Bailey (Charles E. Orcutt, Jr.,* with him) for the defendant.

*John J. Irwin,* Assistant District Attorney (*Ruth I. Abrams,* Assistant District Attorney, with him), for the Commonwealth.

SPALDING, J.   Shortly after six o'clock on Labor Day morning, September 4, 1961, Joseph F. McAdams was assaulted and beaten by four men in the basement of an apartment house in Woburn.   Subsequently, the defendant was charged with participation in the crime in an indictment for assault and battery by means of a dangerous weapon. The defendant in another indictment was charged with having assaulted McAdams on August 23, 1961.   At the trial of the cases, which were ordered to be tried subject to the provisions of G. L. c. 278, §§ 33A–33G, the jury returned verdicts of guilty.   The defendant's appeals come here with numerous assignments of error relating to various rulings made at the trial.

By way of defence, the defendant attempted to establish an alibi.   He testified that on the morning of September 4, when the alleged offence occurred, he was in bed in a rooming house in Boston, and that Frank Espisito, who was sharing his room, was with him at that time.   The defendant's testimony was corroborated by Espisito.   On cross-examination, the defendant admitted that when he was arrested he did not tell the police that he was in his room with Espisito at the time of the alleged assault.   He unsuccessfully attempted to explain.   On redirect examination the defendant was asked to explain why he did not tell the police officers that he was in his room with Espisito at the time of the alleged crime.   The district attorney objected on the ground that the evidence was self-serving.   The judge agreed that it was, and excluded the question, subject to the defendant's exception.   The defendant offered to prove that he would testify that he did not tell the police officers that Espisito had been with him because Espisito was on probation and he, the defendant, was afraid it would "get . . . [Espisito] in trouble."   The correctness of this ruling is presented by assignment of error No. 16.

This evidence was clearly admissible.   By eliciting on its cross-examination the fact that the defendant had omitted to tell the police when arrested that he was with Espisito, the Commonwealth had seriously impeached his alibi.   The

defendant, on redirect examination, had a right to explain his failure to mention Espisito. *Bay State Paper Co.* v. *Duggan,* 214 Mass. 166. *Mahoney* v. *Gooch,* 246 Mass. 567, 570. *Commonwealth* v. *Galvin,* 310 Mass. 733, 747. The evidence sought to be introduced was not "self-serving" in the sense that that expression is used in the law of evidence. There is no principle of law which excludes evidence merely because it is "self-serving." Most testimony of a party is self-serving.[1] Evidence which is excluded under the so called "self-serving" doctrine is the extrajudicial declarations of a party which are offered in his own behalf as evidence of the truth of the facts declared. Actually such statements are excluded not because they are self-serving but because they are obnoxious to the hearsay rule. *Wright* v. *Boston,* 126 Mass. 161, 164. *Wirthlin* v. *Mutual Life Ins. Co.* 56 F. 2d 137, 140 (10th Cir.). Wigmore on Evidence (3d ed.) § 1048. McCormick on Evidence, § 275. See discussion by Allen, J., in *Caplan* v. *Caplan,* 83 N. H. 318, 325–327. It was said in the *Caplan* case, "The fact that the statements which . . . [the hearsay rule] bars have a self-serving quality and invite suspicion of 'manufacturing' evidence strengthens the argument for their exclusion." For illustrative cases see *Maloney* v. *Philpot,* 219 Mass. 480, 482 (time sheet made by the plaintiff to show he worked on certain days) ; *Wagman* v. *Ziskind,* 234 Mass. 509 (letter of the plaintiff to the defendant stating facts favorable to the plaintiff's case and alleging unjustifiable conduct on part of the defendant) ; *Curtis* v. *Boston Ice Co.* 237 Mass. 343 (letter from the plaintiff to the defendant containing statements of damage sustained by the plaintiff and alleging wrongful conduct on part of the defendant) ; *Commonwealth* v. *Baldi,* 250 Mass. 528 (out of court declaration of a defendant tending to show innocence) ; *Commonwealth* v. *Cantor,* 253 Mass. 509, 512–513 (same) ; *Gold* v. *Marshall,* 260 Mass. 492 (statement by one defendant to his partner

[1] "What else but 'self-serving' the testimony of an accused person on his direct examination is likely to be, we find it difficult to understand." Per L. Hand, J., in *United States* v. *Matot,* 146 F. 2d 197, 198 (2d Cir.).

Commonwealth *v.* Fatalo.

in absence of the plaintiff that partnership debt to the plaintiff had been paid). Obviously, the evidence which the defendant sought to introduce in the case at bar was not hearsay.

The alibi defence was an important issue in the case. After an attack had been made on it by the Commonwealth, it was prejudicial to the defendant to deny him an opportunity to counteract its effect. While the alibi related mainly to the Labor Day assault, it was also closely related to the earlier assault. McAdams, the victim, testified unequivocally that the defendant participated in each assault. If the alibi were believed, there is doubt whether the defendant would have been found guilty of the earlier assault. We are of opinion that the error infected both convictions and each must be set aside.

It is unnecessary to deal with the defendant's other assignments of error, most of which relate to rulings on evidence. These questions probably will not arise on a retrial of the cases, or if they do, they will occur in such a different context that a discussion of them here would be largely academic.

The judgments are reversed and the verdicts are set aside.

*So ordered.*