COMMONWEALTH *vs.* PAUL BARROS. November 9, 1977. The defendant was tried on charges of armed robbery and first degree murder. He was found not guilty of murder but guilty of armed robbery. At trial he called as a defense witness one Gomes, who had previously pleaded guilty to manslaughter and armed robbery in the same homicide and robbery for which the defendant was on trial. Gomes had given at least three differing statements on prior occasions describing how the crimes had been committed, the last consisting of his adoption of the facts of the crimes as recited by the prosecutor at the time of the pleas. That statement was introduced on redirect examination of Gomes by the defendant's counsel. The defendant has briefed and argued one assignment of error. That assignment was based on the judge's exclusion of the following question put to Gomes by defense counsel on redirect examination: "When you made a plea of guilty to manslaughter and to armed robbery, Mr. Gomes, was your plea in any different form or manner or substance than that which you informed the police department on Sunday evening, June 22, 1975?" The judge excluded the question on objection by the prosecutor. There was no error. The question apparently called for the witness to comment on his own testimony, the evaluation of which, under our system, is a function belonging to the jury. The question was not, as argued by the defendant, designed to elicit testimony to explain the difference between testimony given at trial and an earlier statement, as in such cases as *Commonwealth* v. *Smith,* 329 Mass. 477, 479 (1952), and *Commonwealth* v. *Fatalo,* 345 Mass. 85 (1962). The transcript discloses that the judge made no ruling which would have prevented the witness from giving such an explanation in response to appropriate questioning. Cf. *Commonwealth* v. *Turner,* 371 Mass. 803, 810 (1977).

Had this been a civil case, we would have summarily affirmed the judgment under Rule 1:28 of the Appeals Court, 3 Mass. App. Ct. 807 (1975).

*Judgment affirmed.*

*Thomas Hoffman* for the defendant.

*Francis M. O'Boy,* Assistant District Attorney, for the Commonwealth.