The STATE of Utah, Plaintiff and Respondent,

v.

Alfred William JOHNSON, Defendant and Appellant.

No. 16668.

Supreme Court of Utah.

Oct. 7, 1983.

**216**

G. Fred Metos, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Earl F. Dorius, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals a burglary conviction pursuant to U.C.A., 1953, § 76–6–202. He urges that the trial court erred (1) in excluding an exculpatory statement he made to a police officer after the crime, and (2) in refusing to give a requested instruction on criminal trespass as a lesser and included offense of the crime of burglary.

Richard Ball, the victim of the offense, lived at Snowbird Ski Resort. His apartment was located in a wing of a ski lodge reserved for employees. At the time of the offense charged, the wing was being remodeled. In a row of apartments, Ball's apartment was the only one not open, vacant, and undergoing renovation. Ball testified that one afternoon he returned to his apartment at approximately 1:00 p.m. and found defendant inside. The defendant, according to Ball, was found standing or crouching between the outside glass doors and the bed, and the outside screen was torn or cut in an "L" shape. It had been intact when Ball left. All the doors to the apartment had been locked when Ball left at 10:10 a.m., earlier that day, and only he had a key. Ball also found that a security box had been moved from the head of his bed to the center. The box's lock, normally hidden by a sliding wooden piece on the bottom of the box, was exposed. The defendant claimed that he was a guest staying upstairs and was looking for a way out of the building. While Ball called the front desk to verify defendant's story, defendant left the apartment. Ball followed defendant as he jogged to his car, obtained defendant's license plate, and reported the incident to Snowbird security personnel. Defendant was apprehended shortly thereafter.

Defendant contends that the trial court erred in excluding an exculpatory statement he made to the arresting officer while on the way down the canyon, a considerable time after the defendant's intrusion and his apprehension. The statement was to the effect that although he had been in Ball's room, he had not intended to commit a burglary. Defendant argues that his out-of-court statement was admissible as an exception to the hearsay rule under Rule 63(6), Utah R. of Evid.—the exception for admissions and confessions of a party—and that the trial court erred in excluding the statement on the ground that it was self-serving.

 There is no legal principle which excludes statements or conduct of a party solely on the ground they are self-serving. If otherwise admissible, a party has as much right to his own evidence as to the evidence of any other witness. *United States v. Dellinger,* 472 F.2d 340, 381 (7th Cir.1972); *State v. Wallace,* 97 Ariz. 296, 399 P.2d 909 (1965); *Commonwealth v. Fatalo,* 345 Mass. 85, 185 N.E.2d 754 (1962); *Caplan v. Caplan,* 83 N.H. 318, 142 A. 121 (1928).[1] However, the defendant's statement was properly excluded in this case because it was hearsay and did not meet an

---

1. In 6 *Wigmore on Evidence* § 1732 at 160 (Chadbourn Ed.1976) it is stated:

 To hold that every expression of hatred, malice, and bravado is to be received, while no expression of fear, good will, friendship, or the like, can be considered, is to exhibit ourselves the victims of a narrow whimsicality, which might be expected in the tribunal of a Jeffreys, going down from London to Taunton with his list of intended victims already in his pocket, or on a bench 'condemning to order,' as Zola said of Dreyfus's military judges. But it was not to have been anticipated in a legal system which makes so showy a parade of the presumption of innocence and the rights of the accused.—This question-begging fallacy about 'making evidence for himself' runs through much of the judicial treatment.

exception to the hearsay rule. The statement was not an admission which could be used against the defendant, but a self-serving statement made by the defendant long after the crime was committed and of questionable reliability.

 Defendant also urges that the trial court erred in failing to give a requested instruction on criminal trespass as a lesser included offense of burglary. The Court has recently fully explored the lesser included offense doctrine in *State v. Baker,* Utah, 671 P.2d 152 (1983). Since *all* the evidence in this case is consistent only with the burglary charge and there is no evidence consistent with criminal trespass, we affirm on the basis of *State v. Baker, supra.*

Affirmed.

HOWE, Justice (concurring and dissenting):

I agree with the Per Curiam opinion as to the exclusion of defendant's statement. I cannot agree however that "all the evidence in this case is consistent only with the burglary charge and there is no evidence consistent with criminal trespass." The only evidence which the majority opinion relies on is that a security box had been moved from the head of a bed to the center and the lock on the box was exposed. Nothing was taken. I do not think that evidence necessarily shows an attempt to commit theft and excludes trespass. The instruction on the lesser included offense of criminal trespass should have been given.