CULLINET SOFTWARE, INC. *vs.* McCORMACK & DODGE
CORPORATION.

Norfolk.  May 6, 1987. — August 17, 1987.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Contract,* Construction of contract. *Evidence,* Extrinsic affecting writing, Prior consistent statement. *Practice, Civil,* New trial, Findings by judge.

A judge's erroneous ruling of law did not necessitate a new trial of a civil action, where his conclusion as to the parties' rights under a contract was supported on a related, but independent, theory by his findings of fact. [777]

At the trial of an action seeking a declaration of a party's rights under a contract, any error in the exclusion from evidence of a statement by an officer of the plaintiff as to the parties' conduct after execution of the contract, as reflecting their intent, was nonprejudicial, where the excluded evidence did not bear significantly on the judge's finding that the preexecution conduct of the parties resolved any ambiguity in the contract. [777-778]

CIVIL ACTION commenced in the Superior Court Department on June 29, 1984.

The case was heard by *Alan J. Dimond,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Richard K. Donahue (Donald R. Ware* with him) for the plaintiff.

*Alice E. Richmond (William A. Fenwick* of California with her) for the defendant.

WILKINS, J. The parties disagree whether, under an August, 1981, software licensing agreement, the defendant, McCormack & Dodge Corporation (M & D), granted the plaintiff, then named Cullinane Database Systems, Inc., and now named Cullinet Software, Inc. (Cullinet), the right to market and sublicense a particular computer software system known as "Gen-

eral Ledger PLUS" anywhere in the world after the expiration of a five-year term during which, both parties agree, Cullinet had rights only in the United States and Canada.

The trial judge ruled that the licensing agreement "without any substantial doubt" demonstrated that Cullinet did not acquire worldwide rights to use and sublicense the system follow- ·ing the five-year term. He also concluded that both the negoti- ations of the parties and their conduct after the execution of the agreement confirmed the interpretation that the agreement did not give Cullinet worldwide rights.

The Appeals Court concluded that the agreement was am- biguous on the question whether worldwide rights were granted. *Cullinet Software, Inc.* v. *McCormack & Dodge Corp.,* 23 Mass. App. Ct. 231, 236 (1986). We agree with the Appeals Court's conclusion because it is not certain that the agreement on its face restricted Cullinet's use to the United States and Canada after five years. We note, however, that the absence of any explicit reference to worldwide rights in the agreement makes Cullinet's position doubtful in the face of a recital at the beginning of the agreement that "Cullinane desires . . . (c) to obtain a non-exclusive license to market and sublicense the System throughout the United States of America and Canada." [1]

After disagreeing with the trial judge on his construction of the agreement, the Appeals Court did not proceed to analyze the judge's findings that extrinsic evidence supported his in- terpretation of the agreement. Where an agreement is ambigu- ous, parol evidence is admissible to show the intention of the parties. *Trafton* v. *Custeau,* 338 Mass. 305, 307-308 (1959). *Kennedy Bros.* v. *Bird,* 287 Mass. 477, 483 (1934).

The Appeals Court granted that the judge's ultimate conclusion was not necessarily wrong. *Cullinet Software, Inc.* v. *McCor- mack & Dodge Corp., supra* at 236. It thought, however, that his erroneous construction of what he saw as the doubt-free

---

[1] Such a recital may properly be considered in construing an ambiguous provision in an agreement. *Henry G. Meigs, Inc.* v. *Empire Petroleum Co.,* 273 F.2d 424, 428 (7th Cir. 1960).

meaning of the agreement itself "may have affected the conclusion that he reached based upon his consideration of the extrinsic evidence." *Id.* at 236-237. It ruled that a new trial was required. We allowed the defendant's application for further appellate review.

The judge quite properly heard evidence to aid in the construction of the agreement, even before he decided whether the agreement was ambiguous. See *Antonellis* v. *Northgate Constr. Corp.,* 362 Mass. 847, 851 (1973); *Robert Indus., Inc.* v. *Spence,* 362 Mass. 751, 753 (1973). The Appeals Court did not fault this procedure (*Cullinet Software, Inc.* v. *McCormack & Dodge Corp., supra*), but rather concluded that the judge's fact-finding may have been tainted by his ruling of law that the agreement without substantial doubt showed no worldwide rights in Cullinet.

We are aware of no authority or logic that supports the proposition that a new trial must be granted when the trial judge decides in favor of a party based on (1) an erroneous ruling of law and (2) findings of fact independently supporting the conclusion reached. There is not the least hint in the record that the judge consciously or unconsciously made findings of fact in order to support a result consistent with his ruling of law. Our reading of the record shows not only that the judge's findings concerning the parties' intentions based on their negotiations were warranted but that Cullinet's principal witness appears not to have been forthright in his testimony. We reject the principle that because a trial judge erred on a point of law, his findings of fact which support the same result on a related but independent theory are so suspect that a new trial is automatically mandated. The Appeals Court's first stated reason for ordering a new trial lacks merit.

The Appeals Court ordered a new trial on a second ground, the exclusion of a statement made under oath by Cullinet's senior vice president and chief negotiator of the agreement, two months after the agreement was signed. On October 23, 1981, he testified in the course of a deposition in unrelated litigation in which neither he nor Cullinet was a party, in the presence of counsel for M & D and others, that after five years

Cullinet would be able to market the system outside the United States and Canada. Even if this self-serving, postexecution hearsay statement was admissible substantively to show Cullinet's interpretation of the agreement (see *Commonwealth* v. *Fatalo,* 345 Mass. 85, 87 [1962]), it concerned only the postexecution conduct of the parties and does not bear significantly on the judge's findings concerning the parties' preexecution conduct and intentions. If it was admissible as a prior consistent statement to support the witness's testimony in this case that he thought Cullinet had acquired worldwide rights after five years, it related to his testimony concerning postexecution events. That excluded evidence arguably might have rehabilitated the witness as to his testimony concerning preexecution events, but it could have had no significant impact on the judge's finding that preexecution circumstances show that the parties did not intend to grant Cullinet worldwide rights after five years. If there was error in the exclusion of the evidence, it was not prejudicial. The judge's findings concerning the parties' preexecution conduct resolved any ambiguity in the agreement in favor of M & D. There is no need for a new trial.

*Judgment of the Superior*
*Court affirmed.*