672 So.2d 850 (1996)
Joseph STILES, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1964.
District Court of Appeal of Florida, Fourth District.
March 20, 1996.
Rehearing, Certification of Question or Conflict, and Stay Denied May 13, 1996.
*851 Gene Reibman, Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, Judge.
Joseph Stiles appeals his conviction for second-degree murder with a firearm. Appellant raises several issues, only one of which we address. We find the trial court erred in excluding the testimony of witnesses describing appellant's exclamations and actions immediately following the shooting and killing of the victim. We accordingly reverse and remand for a new trial.
Appellant, and Joy Feder, were the owners of a company which employed the victim, David Furr. On the date of the shooting appellant was asleep on the couch in the office of the company when he received a phone call from Joy Feder instructing him to fire Furr. Appellant summoned Furr twice before he went into the office with appellant. Moments later, members of the staff heard a loud voice or voices and then a gunshot.
Employee Shirley Masef heard a shot, froze for a second, saw Deborah Fezza (another employee) run toward appellant's office and yelled "don't go in there" to Fezza. Masef then ran immediately down the stairs and out of the building with another employee, Debra Pollack. Within seconds, witnesses Masef and Pollack heard Stiles say: "it was an accident," and "there was an accident." Employee Fezza heard Stiles say within seconds "It just went off." Appellant was not allowed to refer to those statements in his opening statement and the trial court excluded the testimony of Pollack, Masef, and Fezza as to the above exclamations made by appellant within seconds after the shot occurred.
Appellant asserts that these statements should have been admissible under section 90.803(2), Florida Evidence Code, as "excited utterances." We agree.
In our opinion, the statements qualified as excited utterances admissible under section 90.803. We find the circumstances in this case sufficiently similar to those in Alexander v. State, 627 So.2d 35 (Fla. 1st DCA 1993), review denied, 637 So.2d 236 (Fla. 1994), where the court concluded that similar statements should not have been excluded. We agree with the following analysis of the First District:
We conclude that the trial court erred in excluding the testimony of witnesses to the shooting that described appellant Alexander's exclamations and actions immediately after firing the shot that killed the victim. This testimony was admissible under the res gestae rule now codified in sections 90.803(1), (2), and (3), Florida Statutes (1991), which define the conditions for admissibility of (1) spontaneous statements, (2) excited utterances, and (3) then existing mental and emotional conditions of the declarant. The statements about which these witnesses could testify were made almost simultaneously with the act of shooting, a period of time too short to support a finding of fabrication that would destroy the apparent trustworthiness of this evidence. The mere fact that statements *852 are self-serving is not, in and of itself, a sufficient evidentiary basis for their exclusion from evidence. No legal principle excludes statements or conduct of a party solely on the ground that such statements or conduct is self-serving. State v. Johnson, 671 P.2d 215 (Utah 1983); State v. Wallace, 97 Ariz. 296, 399 P.2d 909 (1965); Commonwealth v. Fatalo, 345 Mass. 85, 185 N.E.2d 754 (1962). See also United States v. Dellinger, 472 F.2d 340, 381 (7th Cir.1972), cert. denied, 410 U.S. 970, 93 S.Ct. 1443, 35 L.Ed.2d 706 (1973). While exculpatory statements of the accused generally are excluded from criminal cases because of their hearsay character, 29 Am.Jur.2d Evidence § 621 (1967), the courts of this state have long recognized an exception to this general rule where the statements form a part of the res gestae of the alleged offense. Jenkins v. State, 58 Fla. 62, 50 So. 582 (1909); Lowery v. State, 402 So.2d 1287 (Fla. 5th DCA 1981); Watkins v. State, 342 So.2d 1057 (Fla. 1st DCA), cert. denied, 353 So.2d 680 (Fla.1977). Furthermore, Florida has followed a liberal rule concerning the admittance of res gestae statements. See Appell v. State, 250 So.2d 318 (Fla. 4th DCA), cert. denied, 257 So.2d 257 (Fla. 1971). Accordingly, we do not see any basis on this record for concluding that this testimony was lacking in apparent trustworthiness and probative value. Thus, we are impelled to conclude that the exclusion of the proffered testimony of res gestae statements in this case was an abuse of discretion and, under the circumstances of this case, cannot be treated as harmless error.
627 So.2d at 43-44.
REVERSED FOR NEW TRIAL.
FARMER, J., concurs.
STONE, J., dissents with opinion.
STONE, Judge, dissenting.
I cannot conclude that the trial court lacked discretion to sustain the state's objection to admitting the hearsay statements. Therefore, I would affirm.