# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-1460
_____

TONY JEROME BYRD JR.,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Okaloosa County.
John T. Brown, Judge.

April 3, 2024

PER CURIAM.

Appellant Tony Jerome Byrd, Jr., was convicted of trafficking in methamphetamine.  The charge followed a controlled buy of the contraband by an undercover police officer, who later testified at trial.  Appellant here argues that the trial court erred in denying his motions to exclude certain portions of a recording made during the controlled buy.  Appellant also argues the trial court erred in denying his motion for a mistrial concerning the testimony of the undercover officer.  For the reasons more fully set forth below, we find both claims to be without merit and affirm.

As noted, Appellant was charged after selling contraband to an undercover police officer.  Prior to the sale, the undercover officer and Appellant conversed through text messages and cell

phone calls. At trial, Appellant admitted he sold methamphetamine to the officer. However, he claimed that he was entrapped into selling 14 grams, the threshold amount for a charge of trafficking, a first degree felony. *See* § 893.135(1)(f)1.a., Fla. Stat. (2019). During the transaction, the officer was wearing a recording device which recorded conversations the officer had with Appellant as well as with another officer. Prior to trial, Appellant moved to exclude the crosstalk between police officers on the recording as "immaterial, irrelevant and potentially prejudicial." At the hearing on the motion, the defense added that the crosstalk was self-serving. The trial court denied the motion to exclude.

During the direct examination of the undercover officer by the State, he provided the context of some of the communications between him and Appellant. At one point during the on-going negotiations, after the officer indicated he wanted "one quarter of cream," the following exchange occurred:

THE DEFENDANT: Yeah, where you at?

UNDERCOVER OFFICER: I'm out in Fort Walton.

THE DEFENDANT: Yeah, but you got to give me, like, an hour **because I'm not even that way right now.** I be back that way in probably a minute, and I'll pull up on you.

UNDERCOVER OFFICER: All right, man. Yeah, hit me back. You got my number, right?

(Emphasis added).

The prosecutor asked the officer to explain the call, and he answered:

So I -- I was basically asking him if I could buy drugs from him, and he said, well, what do you want? And my response is a quarter of cream is what you heard on the audio. That would be a quarter ounce, or grams, of methamphetamine. Cream would be a street name for methamphetamine. His response saying, I haven't been

2

that way in a minute, it's going to take me some time, basically to me says that he –

Appellant objected to the officer's interpretation of what Appellant meant, and the objection was sustained. The following exchange then occurred between the prosecution and the witness:

Q. [by the Prosecutor] Sergeant, based on your training and experience, what does the statement, "I hadn't been that way in a bit. I'm going to need some time. I ain't been that way in a bit", what, based on your training and experience, does that mean to you?

[Defense Counsel]: Again, objection.

THE COURT: The objection's overruled.

A. Basically that means that he deals in larger amounts of drugs than what I'm asking to purchase, so he's going to have to break that down and separate it out and repackage it and reweigh it, and it's going to take some time to do so. Again, we're talking about ounces, right, and then a quarter of an ounce, so to me that suggested that he was typically selling a much larger weight - -

[Defense Counsel]: Judge, again, I'm going to object to that testimony about what -

THE COURT: I understand. If you'll approach.

The trial court instructed the prosecutor ensure the witness answered only the questions asked of him. After the witness concluded his testimony, the defense sought a mistrial. The trial court denied the motion, but acknowledged a curative instruction was warranted. With the agreement of the defense, the trial court instructed the jury:

Previously you heard on the recording [Appellant] state, "I ain't been that way". You all heard the deputy give his opinion on what that meant, and he stated that [Appellant]     was     holding     a     larger     amount     of

3

methamphetamine and it needed to be broken down into smaller amounts. The Court has ruled that, that answer is inadmissible in evidence, and you should disregard it. Thank you.

Appellant first argues before this court that the conversations between the undercover officer and another officer, described as his "handler," should have been excluded as cumulative and self-serving. Below, the defense did not claim that the chat between the officers was cumulative. So, that argument is not preserved for appellate consideration. *See Tillman v. State*, 471 So. 2d 32, 35 (Fla.1985) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.").

As for the argument that the chatter was "self-serving," this court has explained that such an objection carries no legal weight. In *Alexander v. State*, 627 So. 2d 35, 43 (Fla. 1st DCA 1993), we held, "No legal principle excludes statements or conduct of a party solely on the ground that such statements or conduct is self-serving." *See also Beckman v. State*, 230 So. 3d 77, 92 (Fla. 3d DCA 2017); *Stiles v. State*, 672 So. 2d 850, 851–52 (Fla. 4th DCA 1996). It would be the rare instance indeed, and a pointless act, when a party offers evidence which did not serve that party.

As for the denial of a mistrial, the extensive case law concerning mistrials is in accord that a declaration of mistrial is an act of last resort. A ruling on a motion for mistrial is within the trial court's discretion, but crucially, a mistrial is appropriate only where the error is so prejudicial as to "vitiate the entire trial." *England v. State,* 940 So. 2d 389, 402 (Fla. 2006); *Payne v. State*, 233 So. 3d 512, 515 (Fla. 1st DCA 2017). This court has explained the propriety of a mistrial as follows: "In this State the rule has been long established and continuously adhered to that the power to declare a mistrial and discharge the jury should be exercised with great care and caution and should be done **only** in cases of absolute necessity." *Salvatore v. State*, 366 So. 2d 745, 750 (Fla. 1978) (emphasis added); *see also Dickerson v. State*, 285 So. 3d 353,

4

358 (Fla. 1st DCA 2019). A mistrial was not an absolute necessity in this case.

As detailed above, a curative instruction was given with the approval of the defense. While the trial court initially allowed the undercover officer to expound more than he should have, the trial court instructed the jury that such elaboration was not to be considered. Appellant has not explained why the jury would not have heeded this instruction any less than it heeded the other numerous instructions given at his trial. *See Jennings v. State*, 124 So. 3d 257, 266 (Fla. 3d DCA 2013) ("Generally speaking, the use of a curative instruction to dispel the prejudicial effect of an objectionable comment is sufficient." (quoting *Rivera v. State*, 745 So. 2d 343, 345 (Fla. 4th DCA 1999))).

Importantly, the conversations between the officer and Appellant, the recordings of which were admitted without objection, repeatedly reveal that the officer inquired about purchasing seven grams of methamphetamine and that Appellant countered with an offer of sale of a greater amount, 14 grams. Thus, the testimony was not the only evidence which contradicted the defense's claim of entrapment.

Accordingly, Appellant's conviction is AFFIRMED.

BILBREY, WINOKUR, and TANENBAUM, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jessica J. Yeary, Public Defender, and Kevin P. Steiger, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Julian E. Markham, Assistant Attorney General, Tallahassee, for Appellee.