353 P.2d 1026

**STATE of Arizona, Appellant,**

**v.**

**Ralph D. SAENZ, Appellee.**

No. 1157.

Supreme Court of Arizona.

July 8, 1960.

Wade Church, Atty. Gen., Leslie C. Hardy, Chief Asst. Atty. Gen., Harry Ackerman, County Atty., Pima County, John L. Claborne, Deputy County Atty., Tucson, for appellant.

Richard J. Dowdall, Tucson, for appellee.

BERNSTEIN, Justice.

The State appeals from an order setting aside a jury verdict which found defendant guilty of burglary in the first degree and granting defendant a new trial. The order was based on three grounds: that the verdict was contrary to the weight of the evidence; that new and material evidence was discovered after the trial; and that the court erred in refusing defendant's request to examine certain notes prepared by a witness for the State. The State assigns each of the above grounds as error.

With respect to the first ground, Rule 310 of the Rules of Criminal Procedure, 17 A.R.S. provides that the trial court shall grant a new trial if "the verdict is contrary to * * * the weight of the evidence." The initial question presented is the scope of this Court's review of an order granting a new trial on that ground.

The rules applicable to review of a *civil* proceeding have recently been set forth by this Court in Pima County v. Bilby, 87 Ariz. 366, 351 P.2d 647. There it was stated (351 P.2d at page 653):

"In ruling on the motion for a new trial, however, 'the trial court may weigh the evidence' (General Petroleum Corp. v. Barker, supra, 77 Ariz. at page 244, 269 P.2d at page 735) and 'unless a clear preponderance of the evidence shows that the verdict is just, the trial judge may in the exercise of his discretion grant a new trial' (Bradley v. Philhower, supra, 81 Ariz. at page 63, 299 P.2d at page 649.)"

The Court there also quoted with approval the following statement from Smith v. Moroney, 79 Ariz. 35, 39, 282 P.2d 470, 472:

" 'We will not disturb an order granting a new trial unless the probative force of the evidence clearly demonstrates that the trial court's action is wrong and unjust and therefore unreasonable and a manifest abuse of discretion' " (351 P.2d at page 653).

This test is in accord with the rule applied in criminal proceedings. In State v. Chase, 78 Ariz. 240, 244, 245, 278 P.2d

423, 426, the Court stated that "the trial judge was justified in finding that it [the evidence of premeditation and deliberation in a first degree murder prosecution] falls short of establishing their existence beyond a reasonable doubt," and held:

"The trial judge had the right to weigh the evidence and it is our view that he did not abuse his discretion in granting the motion for a new trial."

In State v. Duguid, 50 Ariz. 276, 72 P.2d 435, this Court held that an order granting a new trial on several grounds, including one that the verdict was contrary to the evidence, was in error for the reason, among others, that

"the evidence of guilt being so conclusive, we see no reason upon which to base the order for a new trial." 50 Ariz. at page 284, 72 P.2d at page 439.

■ Thus, the scope of review of an order granting a new trial is essentially the same in both civil and criminal proceedings, taking into consideration the differences in the applicable burdens of proof. In a civil case, where the plaintiff has the burden to prove his case by a preponderance of the evidence, the trial court may properly grant a new trial provided that the "probative force of the evidence does not clearly preponderate in favor of the verdict" (Pima County v. Bilby, supra, 351 P.2d at page 653). In a criminal proceeding, on the other hand, where the prosecution has the burden to prove the defendant guilty beyond a reasonable doubt, the trial court does not abuse its discretion in granting defendant's motion for a new trial unless the record shows that his guilt has clearly been "proved beyond a reasonable doubt" (State v. Chase, supra, 78 Ariz. at page 242, 278 P.2d at page 424).

■ In the instant case, we have reviewed the record and conclude therefrom that the probative force of the evidence does not clearly establish the defendant's guilt beyond a reasonable doubt. Accordingly, we hold that the Superior Court did not abuse its discretion in granting defendant a new trial.

Having thus determined that the order appealed from was properly granted on the first ground, we consider it unnecessary to review the ground based on newly discovered evidence. See State v. White, 56 Ariz. 189, 191, 106 P.2d 508. As the defendant may, however, on the new trial request production of the notes which are the subject of the third ground, we shall consider the assignment of error relating thereto.

■ At the trial a police officer called by the State testified to oral statements made by the defendant the morning after the arrest. In the absence of the jury, the officer stated that he had made written

notes of defendant's statements and that he had destroyed all but one page of these notes. The defendant requested production of this one page. The State objected on the grounds that the police officer never referred to these notes to refresh his recollection, that the notes were incomplete, and that the defendant subsequently signed a written confession. The court sustained the State's objection but conceded, in granting the new trial, that such ruling constituted "possible error."

The notes were prepared contemporaneously by the police officer to record oral statements made by the defendant. At the trial the police officer testified to these statements of defendant. If these notes, or any part of them, were inconsistent with the testimony of the officer, they would clearly be admissible to impeach the credibility of the officer's testimony.

The fact that other notes made at the same time by the officer were destroyed or that the defendant later signed a confession, which he subsequently repudiated, does not make the existing notes less relevant for impeachment purposes. They are relevant, not as independent evidence of the defendant's statements, nor to impeach or confirm the subsequently repudiated confession, but as prior, possibly inconsistent, statements made and recorded by the witness covering the same subject matter which he testified to at the trial.

In State v. Jay Six Cattle Co., 88 Ariz. 97, 353 P.2d 185, the State claimed that it was entitled to cross-examine an expert witness on the basis of an appraisal report previously prepared by him. Both the majority and minority opinions agreed that such report was admissible to impeach or otherwise discredit the testimony of the witness, although the majority concluded that the trial court's exclusion of the report was not prejudicial or reversible error in the circumstances of the case. This rule is likewise applicable to criminal proceedings. In 3 Wharton's Criminal Evidence, § 873 (12th ed.) it is stated:

"A witness may be cross-examined as to prior statements made by him, inconsistent with his present testimony."

See also, e. g.: Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103; United States v. Papworth, D.C., 156 F. Supp. 842, affirmed 5 Cir., 256 F.2d 125, certiorari denied 358 U.S. 854, 79 S.Ct. 85, 3 L.Ed.2d 88. In the instant case, the defendant was similarly entitled to examine the notes prepared by the police officer to determine whether they were inconsistent with, or otherwise tended to discredit, the testimony given by the police officer.

We hold that the trial court was correct in finding that it should have granted defendant's request to examine the notes in issue.

The defendant has filed a cross appeal claiming that the trial court erred in refusing to direct a verdict in its favor. We have reviewed the record and hold that there is no merit to this claim. See State v. King, 66 Ariz. 42, 182 P.2d 915; Rule 270, Rules of Criminal Procedure.

The order appealed from is hereby affirmed.

STRUCKMEYER, C. J., and PHELPS and UDALL, JJ., concur.

JOHNSON, J., concurs in the result.