386 P.2d 83

**The STATE of Arizona, Appellee,**

v.

**Chester Bert ASHTON, Appellant.**

**No. 1275.**

Supreme Court of Arizona.

In Division.

Oct. 30, 1963.

Robert W. Pickrell, Atty. Gen., by Stirley Newell, Asst. Atty. Gen., Charles C. Ronan, County Atty., for appellee.

Calvin C. Thur, Phoenix, for appellant.

Gerald A. Pollock, Phoenix, amicus curiae for American Civil Liberties Union.

BERNSTEIN, Chief Justice.

Appellant was defendant in a criminal prosecution in which he was convicted on three counts of grand theft by embezzlement. He requested production of a narrative police report at the conclusion of direct examination of the investigating officer who made the report during an interview with the defendant. The request was denied. He now appeals from the denial of his motion for a new trial which was based upon the ground that it was error to refuse him inspection of this narrative report.

The sole question before this court is whether it is prejudicial error to deny defense counsel's request to examine the police report concerning events to which the police officer testified at trial, for purposes of impeachment. When the defendant was arrested, he was taken to the sheriff's office for questioning. The testifying officer asked the defendant to relate the events leading up to the charges against him and as the defendant told his story, the officer took a narrative report, referred to by the witness as a "sequence of events". The testimony of the officer was based upon this "sequence of events" as he had recorded it.

The State concedes that it was error for the trial court to refuse to let defense counsel examine the narrative report for the purpose of impeachment, but argues that it was harmless error, there being no

material inconsistencies between the report and the officer's testimony. It is not this court's province to inquire into the possibilities for impeaching the officer's testimony from information contained in his narrative report. We cannot speculate as to what use might have been made of it by defense counsel. Clancy v. United States, 365 U.S. 312, 81 S.Ct. 645, 5 L.Ed.2d 574 (1961). This is a matter which can only be determined by defense counsel, who is entitled to make his independent evaluation from examining the narrative report after hearing the direct testimony of the State's witness. To require defense counsel to show a conflict between the witness' direct testimony and the narrative report, without having seen the report would be to require the impossible. For until the trial judge accords him an opportunity to inspect the report, defense counsel will have no knowledge of its contents. State v. Lavallee, 122 Vt. 75, 163 A.2d 856 (1960). Neither can an appellate court make assumptions as to how an effective use of the narrative report would have affected the witness' credibility in the eyes of the jury.

We have previously held that the defendant is entitled to the use of reports such as this for purposes of impeaching a witness. As we said in State v. Saenz, 88 Ariz. 154, 353 P.2d 1026 (1960):

> "They [the reports] are relevant, not as independent evidence of the defendant's statements, nor to impeach or confirm the subsequently repudiated confession, but as prior, possibly inconsistent, statements made and recorded by the witness covering the same subject matter which he testified to at the trial."
>
> * * *
>
> "In the instant case, the defendant was * * * entitled to examine the notes prepared by the police officer to determine whether they were inconsistent with, or otherwise tended to discredit, the testimony given by the police officer." 88 Ariz. at 157, 353 P.2d at 1028.

Failure to require production of the investigating officer's "sequence of events" taken during his conversation with the defendant was prejudicial error.

Reversed and remanded for a new trial.

UDALL, V. C. J., and LOCKWOOD, J., concur.