399 P.2d 909

**STATE of Arizona, Appellee,**

**v.**

**Monte Mack WALLACE, Appellant.**
**No. 1350.**

Supreme Court of Arizona.

In Division.

March 17, 1965.

Darrell F. Smith, Atty. Gen., Robert W. Pickrell, former Atty. Gen., Stirley Newell, former Asst. Atty. Gen., for appellee.

Sandor O. Shuch, Phoenix, for appellant.

STRUCKMEYER, Vice Chief Justice.

The appellant, Monte Mack Wallace, was arrested and charged with an attempted robbery of a liquor store on December 14, 1962. On January 24, 1963, his first trial ended in a hung jury and upon a retrial on February 11, 1963, the jury returned a verdict of guilty. He appeals from the judgment and sentence, urging (1) that the court below erroneously excluded evidence at his retrial and (2) that it erroneously refused defense counsel permission to inspect certain portions of a police report.

At the trial, testimony for the State tended to show that appellant and another approached a drive-in window of a liquor store and that appellant drew a gun and demanded money, that the other man said to appellant, "Let's get away from here. * * * I think he hit a button or something," whereupon the two ran away. It was appellant's position that he was misunderstood by the clerk in the liquor store and that instead of attempting a robbery he had produced a pellet gun with the intention of trying to sell it.

In the course of the trial, appellant testified that on the day of the offense he had a conversation with his brother-in-law. When appellant attempted to relate what he told his brother-in-law, the court sustained an objection for the reason that it was self-serving. The defense also called as a witness the appellant's sister who testified that he came to her house on the day of the purported offense and borrowed a pellet gun. Further testimony was sought to be introduced to this effect:

"Q Now will you relate what he said about the gun?"

"DEPUTY COUNTY ATTORNEY: Just a moment, I'm going to have to enter an objection at this time

that this is hearsay and in the nature of a self serving statement and therefore inadmissible."

\* \* \* \* \* \*

"THE COURT: What do you say she will testify to about it?"

"DEFENSE COUNSEL: He came to her and said, 'I want the gun. I want to see if I can get a few bucks for it. Where is it?' "

\* \* \* \* \*

"THE COURT: I'll have to sustain the objection."

■ The issue here is whether the appellant intended to commit a robbery. Where specific intent is an element of the offense direct testimony by a defendant as to his intent at the time of or accompanying the act is admissible. Richardson v. State, 34 Ariz. 139, 268 P. 615. The objection that a defendant's out-of-court utterance, either through his own testimony or through others, is self-serving is not a valid basis for exclusion.

"The doctrine that a party's out-of-court declarations or statements cannot be evidence in his favor, because 'self-serving,' seems to have originated as a counter-part and accompaniment of the rule, now universally discarded, forbidding parties to testify. When this latter rule of disqualification for interest was abrogated by statute, the accompanying rule against 'self-serv-ing' declarations should have been regarded as abolished by implication. Unfortunately it has lingered in the language of many opinions as a sweeping rule of exclusion." McCormick on Evidence, 1954 Ed., p. 588 § 275.

Appellant argues that an inference from the proposed testimony can be drawn as to his intention to sell the gun which corroborates his statement that he was misunderstood by the clerk in the liquor store. It may be said that the better reasoned authorities tend to support appellant's position that evidence of out-of-court declarations from which an inference of intent or plan can be drawn are admissible where relevant.

"Statements of *design or plan,* as already noticed (ante, Sec. 1725), are in general admissible, so far as the design or plan is relevant to show the doing of the act designed. \* \* \* Upon the same principle, the expressions of plan, by the accused, *not to do* the thing charged, or to do a different thing, are equally admissible." VI Wigmore on Evidence, 3rd Ed., § 1732, p. 99. (Emphases in original.)

In White v. United States, 5th Cir., 216 F.2d 1, on a charge of income tax evasion, a letter containing the defendant's written instructions for the preparation of his return were held admissible. The court there approved Wigmore's statement as above quoted and further stated:

"It was ·competent to be considered by the jury in passing upon the credibility of the witness and in determining the defendant's intent. The letter was not a subsequent self-serving act. It was written, according to the witness, before the return was filed, and the jury might well have believed that the letter showed better than any other evidence the defendant's state of mind and his intention in filing the return." 216 F.2d 1, 6.

In State v. Dunlap, 40 Idaho 630, 235 P. 432, on a charge of murder where the State's theory was that the defendant had procured a gun after he was certain that a quarrel would be provoked with the deceased, it was held error to refuse to admit conversations of the defendant with the owner relative to the borrowing of the gun. The court said:

"The state attributed to appellant an evil design and an unlawful purpose in borrowing the gun. We believe the testimony sought to be elicited germane, going to show the intent with which he procured the gun in question." 40 Idaho 630, 634, 235 P. 432, 433.

■ The testimony that appellant told his sister that he wanted to see if he could get "a few bucks" for the gun tends to suggest that appellant was not intent on robbery at the time of the incident at the drive-in; as such, it is not hearsay but simply circumstantial evidence to which the hearsay objection does not apply. McCormick on Evidence, 1954 Ed., pp. 465, 567–568, §§ 228, 268. It was prejudicial error for the trial court to exclude the evidence here under consideration.

The appellant further urges that the trial court erred in refusing to permit the examination by appellant of a police report which was brought into the courtroom by the prosecution during the course of the trial. This incident occurred while Richard Coleman, a police officer of the City of Phoenix, was testifying. He testified in general concerning the interrogation of the appellant shortly after his arrest. On cross-examination, he was asked by appellant whether he had at that time filled out a police report and replied that he had. Seemingly, the report was incorporated in the police file concerning the appellant. Appellant requested to see the police report. The court permitted appellant to examine only that portion of the report made by Officer Coleman. Not to do so would have been reversible error. State v. Ashton, 95 Ariz. 37, 386 P.2d 83. The appellant also requested the right to inspect the entire report. The court, after examining the whole of the report, ruled that the other portions need not be submitted to appellant for his examination, implying although not precisely stating that the entire police file was not subject to discovery under the particular circumstances of this case.

■ We have repeatedly ruled upon pre-trial discovery in criminal cases. In

State ex rel. Mahoney v. Superior Court of Maricopa County, 78 Ariz. 74, 275 P.2d 887, we examined extensively into the question of whether the State should be required to produce for inspection certain documents, papers and tangible objects. We pointed out that under the common law a defendant had no right of discovery. We concluded, however, that even where Rule 195, Rules of Criminal Procedure, 17 A.R.S., was not applicable, the court had the inherent power, where the due administration of justice required, to order discovery of papers, documents and other tangible objects. In Mahoney, supra, we permitted the inspection of certain tangible objects as demonstrative evidence but denied discovery of papers and documents which were not and could not be evidence in themselves. We said:

> "The defense has no right to go upon a tour of investigation, in the hope that they will find something to aid them, * * * and if it appears that the request for such inspection is merely 'a fishing expedition to see what may turn up' it should be denied." 78 Ariz. 74, 79, 275 P.2d 887, 890.

We have also recently held where discovery was sought of the testimony of witnesses before a grand jury that there was no showing made to the trial court of facts from which it could have determined that the furtherance of justice required wholesale disclosure and that therefore the trial court abused its discretion in ordering discovery. State ex rel. Ronan v. Superior Court, 95 Ariz. 319, 390 P.2d 109. There is no reason why the principles enunciated in Mahoney and Ronan, supra, should not be applicable to discovery at or during the course of the trial.

In the instant case, appellant argued to the court that he had the right to look at the entire police report for "inconsistent purposes." As stated, the trial judge examined the entire police record and ruled that appellant might inspect the report of Officer Coleman and that he could use any portion of Officer Coleman's report for impeachment. It has been specifically held in a number of instances that there is no right to inspect police reports which have not been offered in evidence, at least until there is some showing of relevancy. People v. Santora, 51 Cal.App.2d 707, 125 P.2d 606; State v. Molinar, 24 Conn.Sup. 160, 188 A.2d 69; State v. Cochran, 366 S.W.2d 360 (Mo.), cert. den. 375 U.S. 981, 84 S.Ct. 492, 11 L.Ed.2d 426.

Under the cited authorities and the reasoning of Mahoney and Ronan, supra, appellant did not show good cause or any sufficient reason to require the prosecution to permit an inspection of the entire police record.

Judgment reversed.

LOCKWOOD, C. J., and BERNSTEIN, J., concurring.