99 Ariz. 381 (1966)
409 P.2d 547
STATE of Arizona ex rel. Robert K. CORBIN, County Attorney of Maricopa County, Applicant,
v.
The SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF MARICOPA and Val A. Cordova, as a Judge thereof, Ervin Faye Stewart, real parties in interest, Respondents.
No. 8703.
Supreme Court of Arizona. En Banc.
January 6, 1966.
*382 Robert K. Corbin, Maricopa County Atty., by Henry J. Florence and John A. Golden, Deputy County Attys., for applicant.
T.J. McGillicuddy, Ronald H. Petica, Phoenix, for respondents.
McFARLAND, Justice:
Robert K. Corbin, County Attorney, Maricopa County, filed a petition for a writ of prohibition against Val A. Cordova, Judge of the Superior Court, Maricopa County. The same came on for hearing on the 7th day of December 1965. We issued a peremptory writ with a written decision to follow. The proceeding which was ordered prohibited was that part of the Order of 1 December 1965 of the Honorable Val A. Cordova, criminal cause numbered 47558 (State of Ariz. v. Ervin Faye Stewart, in which defendant was charged with the crime of murder), in the Superior Court of the State of Arizona in and for the County of Maricopa, reading as follows:
"* * * that defendant may see the investigative report of the officers that the State intends to call as witnesses * * *"
The order was entered pursuant to a motion made under Rule 195, Arizona Rules of Criminal Procedure, 17 A.R.S., to inspect, copy and produce certain matters involved in the proceeding. Rule 195 provides as follows:
"Right of defendant to discovery and inspection
"Upon motion of a defendant at any time after the filing of the indictment or information, the court may order the county attorney to permit the defendant to inspect and copy or photograph designated books, papers, documents or tangible objects, obtained from or belonging to the defendant or obtained from others by seizure or by process, upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable. The order shall specify the time, place and manner of making the inspection and of taking the copies or photographs and may prescribe such terms and conditions as are just."
This court has recently had occasion to consider the matter of examination of police reports in criminal cases. In State v. Wallace, 97 Ariz. 296, 399 P.2d 909, in ruling that defendant had no right to inspect an entire police report during a trial where no sufficient reason has been shown, we said:
"We have repeatedly ruled upon pretrial discovery in criminal cases. In State ex rel. Mahoney v. Superior Court of Maricopa County, 78 Ariz. 74, 275 P.2d 887, we examined extensively into the question of whether the State should be required to produce for inspection certain documents, papers *383 and tangible objects. We pointed out that under the common law a defendant had no right of discovery. We concluded, however, that even where Rule 195, Rules of Criminal Procedure, 17 A.R.S., was not applicable, the court had the inherent power, where the due administration of justice required, to order discovery of papers, documents and other tangible objects. In Mahoney, supra, we permitted the inspection of certain tangible objects as demonstrative evidence but denied discovery of papers and documents which were not and could not be evidence in themselves. We said:
"`The defense has no right to go upon a tour of investigation, in the hope that they will find something to aid them, * * * and if it appears that the request for such inspection is merely "a fishing expedition to see what may turn up" it should be denied.' 78 Ariz. 74, 79, 275 P.2d 887, 890." 97 Ariz. at 299, 399 P.2d at 912.
The petition in the instant case is directed only as to reports of those police officers whom the state intended to call as witnesses. Reports compiled by law enforcement authorities in the course of their investigations constitute the work product of the state, and, as such, are privileged from pretrial discovery. State v. Superior Court, 106 N.H. 228, 208 A.2d 832; State ex rel. Regan v. Superior Court, 102 N.H. 224, 153 A.2d 403; United States v. Rothman, 179 F. Supp. 935 (W.D.Pa.); Cf. State ex rel. Mahoney v. Superior Court, 78 Ariz. 74, 275 P.2d 887. In the instant case the reports of the officers fall within the "work-product doctrine," and are not to be excluded from that rule merely because the officers who authored the reports are to be called as witnesses. This is not a case in which the officer has testified, and the defendant wishes to examine his notes for purposes of impeachment. We have held that at the time a police officer testifies in a case defendant has a right to examine notes and reports of the officer in regard to the matters about which he has testified in order to determine whether they were inconsistent with or otherwise tended to discredit the officer's testimony. State v. Wallace, supra; State v. Ashton, 95 Ariz. 37, 386 P.2d 83; State v. Saenz, 88 Ariz. 154, 353 P.2d 1026. We said in State v. Superior Court, supra, with reference to the "work product of the prosecutor":
"It should be noted that the respondent court very properly denied the defendant an inspection of the items consisting of mnemonic instruments and documents that were not and could not be evidence in themselves. 17 Am.Jur., Discovery and Inspection, section 25; 23 C.J.S., Criminal Law, § 1036. * * *" 78 Ariz. at 78, 275 P.2d at 890.
*384 Investigative reports of police officers may not even refer or relate to the matters to which they may later testify in a case, and may contain hearsay or opinions not only of the officer but of an informer, which would not be admissible in evidence, but which are valuable for investigation. If names of informers are to be thus revealed, they might not be willing to give information in the future. The investigation process would be hampered by revealing investigative reports of officers.
We therefore hold that the defendant was not entitled to see the investigative reports of the officers whom the state intended to call as witnesses.
STRUCKMEYER, C.J., BERNSTEIN, V.C.J., and UDALL and LOCKWOOD, JJ., concurring.