467 P.2d 61

The STATE of Arizona, ex rel. Moise BERGER, Maricopa County Attorney, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, the Honorable William H. Gooding, Judge thereof, and Ernest Arthur Miranda, Real Party in Interest, Respondents.

No. 9962.

Supreme Court of Arizona, In Banc.

April 1, 1970.

**474**

Moise Berger, Maricopa County Atty., by H. Charles Eckerman, Andrew Silverman, Deputy County Attys., Phoenix, for petitioner.

Lewis, Roca, Beauchamp & Linton, by John J. Flynn, Peter Baird, Phoenix, for respondents.

STRUCKMEYER, Vice Chief Justice.

This is an original proceeding pursuant to Rule 1, Rules of the Supreme Court for Special Actions, 17 A.R.S. At the conclusion of the hearing provided by Rule 7, we ordered that an alternative writ of prohibition issue. The alternative writ is made peremptory.

In criminal cause No. 41947, State v. Ernest Arthur Miranda, in the Superior Court of Maricopa County, State of Arizona, the defendant moved for and the Superior Court judge, the Honorable William H. Gooding, granted a motion to produce for inspection all police reports pertaining to the investigation of the defendant for the offense with which he was charged. The State does not here object to the production of those portions of police reports which relate to the prosecuting witness' identification of the defendant or pertain to a line-up in which Miranda appeared. It does object to indiscriminate disclosure of the State's work product.

We held in State ex rel. Robert K. Corbin v. Superior Court, 99 Ariz. 382, 409 P.2d 547, that:

"Reports compiled by law enforcement authorities in the course of their investigations constitute the work product of the state and, as such, are privileged from pretrial discovery."

We enlarge upon the work product rule in the subsequent case of State ex rel. Corbin v. Superior Court, 103 Ariz. 465, 445 P.2d 441 (1968), in which we said:

"A superior court may not permit the defense to examine the work product of law enforcement authorities except upon a showing that either (a) * * *, or (b) compelling and exceptional circumstances indicate to the court that to deny discovery would materially prejudice the defendant in the preparation of his defense."

Compelling and exceptional circumstances are obviously present where pretrial identification becomes a material issue. State v. Dessureault, 104 Ariz. 380, 453 P.2d 951, Opinion Supplemented, 104 Ariz. 439, 454 P.2d 981. But this does not mean that if the State's identification procedures are challenged, discovery may compel the production of records otherwise privileged. It was incumbent upon the trial judge to examine in camera the police reports and order that only those portions of the reports relevant to identification be inspected and copied.

LOCKWOOD, C. J., and UDALL, McFARLAND and HAYS, JJ., concur.