498 P.2d 475

**Eva Mae ZARATE, Petitioner,**

v.

**The Honorable Renz D. JENNINGS, Justice of the Peace, East Phoenix Precinct Number One, and The Honorable Kenneth C. Chatwin, Judge of the Superior Court, Maricopa County, Respondents,**

**The STATE of Arizona ex rel. Moise BERGER, Maricopa County Attorney, Real Party in Interest.**

**No. 1 CA–CIV 1972.**

Court of Appeals of Arizona, Division 1, Department A.

June 15, 1972.

Rehearing Denied July 13, 1972.

Review Denied Sept. 19, 1972.

Fred R. Esser, Phoenix, for petitioner.

Moise Berger, Maricopa County Atty., by Joseph E. Abodeely, Deputy County Atty., for real party in interest.

STEVENS, Presiding Judge.

Eva Mae Zarate, herein referred to as the petitioner, by this special action seeks to review a ruling by The Honorable Renz D. Jennings, the Justice of the Peace of the East Phoenix Precinct Number One, and a ruling of The Honorable Kenneth C. Chatwin, a Judge of the Superior Court for Maricopa County. Herein these judicial officers will be referred to as the Respondent Jennings and the Respondent Chatwin, respectively.

The petition for special action relief and the response of County Attorney Moise Berger, the real party in interest, together with a reporter's transcript of the proceedings before the Respondent Jennings, were presented to this Court at an informal hearing and the matter was taken under advisement. The Respondent Jennings and the Respondent Chatwin were served and did not appear before this Court.

Department B of this Court has under its consideration a similar problem in the case of Brooks v. Jennings, 1 CA–CIV 1988 [17 Ariz.App. 407, 498 P.2d 481].

### FACTUAL BACKGROUND

Sam Gonzales, a police officer of the City of Phoenix, based upon information secured from two confidential informants, secured a search warrant for a home in the City of Phoenix. Officer Gonzales and a number of other officers including Officer Jonovich executed the warrant. In one of the bedrooms of the home Officer Gonzales interviewed the petitioner while Officer Jonovich searched the same room in their presence and found two separate papers alleged to contain heroin. The petitioner was removed to the city jail of the City of Phoenix while other officers continued the search of the home. There were a number of persons other than the petitioner present in the home at the time of

the execution of the search warrant including Jose Victor Torres and Florence Molina Finegan Torres. The other searching officers, out of the presence of Officer Gonzales, found other materials in the home.

Thereafter in East Phoenix Precinct Justice Court Number One, in cause number 4018, a complaint was filed wherein the petitioner and the two Torres were charged in one count with the alleged possession of amphetamine and the petitioner, in a separate count, was charged with the illegal possession of heroin.

The Respondent Jennings was presiding at the preliminary hearing which was based upon the above referred to complaint when the ruling which gives rise to the present special action was made. The three defendants named in the complaint were each represented by separate counsel. Officer Gonzales was sworn and testified. In his testimony reference was made to the fact of reliance upon the information received from the confidential informants, the issuance of the search warrant, the execution of the warrant, the discovery by Officer Jonovich, the fact that Officer Jonovich retained the items he found, he having been designated "as the finder and retainer", and that Officer Gonzales aided Officer Jonovich in making the required inventory of the items seized.

The reporter's transcript reflects the following during the cross-examination of Officer Gonzales, conducted on behalf of the petitioner.

"Q Did you prior to testifying today review any written report or D.R. to refresh your memory?

"A Yes, sir.

"Q Do you have a copy of that with you?

"A No, sir. I did not bring one with me. I read the prosecutor's.

"Q May I see that.

"A You have to discuss that with him.

"MR. HUFFMAN: (Deputy County Attorney) No, your Honor. Object to the revealing of the D.R. at this time.

"MR. ESSER: (Attorney for the petitioner) Your Honor, the officer has testified he used that to refresh his memory. I think I'm entitled to see a copy of it to test his memory and recollection.

"THE COURT: I have no idea whether you are or not. This matter has been kicking around the courts for a period of three or four months now. I have allowed a number of attorneys to bring a special action but there is no clarity coming from any of the courts. If you would like to bring a special action, I would be glad to have you do so.

\*   \*   \*   \*   \*   \*

"MR. ESSER: Is the Court indicating it would give counsel opportunity to bring a special action in order to—

"THE COURT: Certainly.

"MR: ESSER: I would request the Court to allow time to bring a special action to secure a copy of the officer's D.R."

The attorneys for the two defendants Torres joined in the request.

There was no further reference to the departmental report (D.R.) made by Officer Gonzales.

The petitioner filed a special action complaint in the Superior Court naming the Respondent Jennings and the County Attorney as the defendants. The complaint was assigned Superior Court Cause No. C–257469. The relief sought in the Superior Court was that the State be ordered to provide a copy of the departmental report which Officer Gonzales used to refresh his memory. The Superior Court, through offices of the Respondent Chatwin, entered a formal written judgment dismissing the special action. In the judgment the Respondent Chatwin expressly relied upon the case of State ex rel. Corbin v. Superior Court of Maricopa County, 99

Ariz. 382, 409 P.2d 547 (1966). Thereafter the special action now under consideration was filed.

## THE SUPERIOR COURT JURISDICTION

Article 6 of the Arizona Constitution and particularly § 14(11) and § 18, A.R.S. vests broad powers in the Superior Court in the matter of entertaining requests for relief by the vehicle of extraordinary writs. These constitutional provisions are supplemented by statutes which we do not find it necessary to recite. The Special Action Rules, 17 A.R.S., provide that the form of the Superior Court proceedings shall be by special action. The jurisdiction of the Superior Court is not here questioned.

## THE COURT OF APPEALS JURISDICTION

■ The special action in the Superior Court was an original proceeding from which an appeal could be taken upon the entry of a final judgment appealing to the Court of Appeals. Special Action Rule 8 (a) provides in part:

> "Where there is no equally plain, speedy, and adequate remedy by appeal, a judgment in a special action in a Superior Court may be reviewed by a special action *directed against the original defendants.*" (Emphasis added.)

Rule 8(b) recognizes that the Court of Appeals may decline to accept the special action. The petitioner herein having been unsuccessful in the Superior Court, she comes within the above-quoted Rule 8(a) in her efforts to secure relief in the Court of Appeals. The route of special action relief in the Court of Appeals calls for the exercise of the discretion of the Judges of the Court of Appeals as to whether they will assume jurisdiction whereas there is a right of appeal to the Court of Appeals which, if procedurally correct, the Court of Appeals could not decline to hear. The jurisdictional aspect of the Court of Appeals in the instant case is in many respects similar to that which this Court had under consideration in the case of Crouch v. Justice of the Peace Court of Sixth Precinct, 7 Ariz.App. 460, 440 P.2d 1000 (1968).

■■ In the Brooks case Department B speaks of this Court's special action jurisdiction with reference to Justices of the Peace. If it be that by their statement they mean direct special action jurisdiction without following the steps followed in the Brooks case and in this case we are in disagreement. If they mean the power to direct, we are in disagreement. We have the power to direct only when the ruling is one we could consider on appeal and there is no appeal from a ruling of a magistrate conducting a preliminary hearing.

■ In the Superior Court certain discovery is afforded to defendants by Criminal Rule 195, 17 A.R.S. Discovery is not limited to the four corners of the Rule. In the exercise of their sound discretion, and with some limitations not herein set forth, the judges of the Superior Court have the inherent power to grant discovery not covered by Rule 195 when the discovery so granted is necessary to the due administration of justice. State ex rel. Mahoney v. Superior Court of Maricopa County, 78 Ariz. 74, 275 P.2d 887 (1954); State ex rel. Polley v. Superior Court of Santa Cruz County, 81 Ariz. 127, 302 P.2d 263 (1956); State ex rel Helm v. Superior Court of Cochise County, 90 Ariz. 133, 367 P.2d 6 (1961); State v. McGee, 91 Ariz. 101, 370 P.2d 261 (1962); State ex rel. Corbin v. Superior Court of Maricopa County, 103 Ariz. 465, 445 P.2d 441 (1968).

## THE DEPARTMENTAL REPORT

The case law in Arizona relative to the right or the privilege of a defendant to see the departmental report of an officer who is on the stand as a witness relates only to situations wherein the defendant is on trial in the Superior Court. We cite the following cases. State v. Saenz, 88 Ariz. 154, 353 P.2d 1026 (1960); State v. Ashton, 95 Ariz. 37, 386 P.2d 83 (1963); State v. Wallace, 97 Ariz. 296, 399 P.2d 909 (1965); State ex rel. Corbin v. Superior

Court of Maricopa County, 99 Ariz. 382, 409 P.2d 547 (1966); State v. Preciado, 15 Ariz.App. 114, 486 P.2d 226 (1971).

In Saenz the trial judge, in granting a motion for new trial, stated that he felt it was possible error to deny the defendant the privilege of examining the departmental report which had been made by the officer who was then on the witness stand even though the officer had not used the report to refresh his recollection. The Supreme Court affirmed. The Supreme Court observed that the report could possibly be used to impeach or could be used to bring out prior inconsistent statements.

In Ashton the State urged that while it may have been error for the trial court to deny the privilege of an examination of the departmental report, it was harmless error in view of the fact that the report contained no material inconsistencies when compared with the testifony of the officer. The Supreme Court stated that it was in no position to speculate as to the use which defense counsel could have made of the report. The Supreme Court stated:

"This is a matter which can only be determined by defense counsel, who is entitled to make his independent evaluation from examining the narrative report after hearing the direct testimony of the State's witness." 95 Ariz. at 39, 386 P.2d at 84.

The Supreme Court in Wallace agreed that it would have been error to not permit the defendant to examine those portions of the departmental report which were prepared by the testifying officer. The Supreme Court further held that it was not error to deny the request of defense counsel to examine police reports not made by the then testifying officer.

In Preciado the defendant was being tried for the offense of aggravated battery inflicted upon a police officer. The police officer, while hospitalized, related the incident to fellow officers who prepared a written running narrative thereof. This was not a verbatim recording of the injured officer's statements and the running narrative had not later been read or signed by the assaulted officer. The Court of Appeals, held that it was error to not produce the narrative report in conjunction with the testimony of the injured officer.

The case cited by the Respondent Chatwin and strongly relied upon by the County Attorney is State ex rel. Corbin v. Superior Court of Maricopa County, 99 Ariz. 382, 409 P.2d 547 (1966), hereinbefore cited. The Superior Court judge, after the filing of an information charging murder and before the trial, entered the following order:

"'* * * that defendant may see the investigative report of the officers that the State intends to call as witnesses * * *.'" 99 Ariz. at 383, 409 P.2d at 547.

The Supreme Court held that the order was beyond the provisions of Criminal Rule 195. The Supreme Court reaffirmed its earlier holdings as to the right of defense counsel to examine the departmental reports of testifying officers. The Supreme Court concluded as follows:

"Investigative reports of police officers may not even refer or relate to the matters to which they may later testify in a case, and may contain hearsay or opinions not only of the officer but of the informer, which would not be admissible in evidence, but which are valuable for investigation. If names of informers are to be thus revealed, they might not be willing to give information in the future. The investigation process would be hampered by revealing investigative reports of officers.

"We therefore hold that the defendant was not entitled to see the investigative reports of the officers whom the state intended to call as witnesses." 99 Ariz. at 385, 409 P.2d at 549.

We have not been able to find a statement in the opinions of the Arizona Supreme Court which holds that when a police officer is on the stand as a witness in a preliminary hearing the right of cross-

examination by the use of that officer's departmental report is not present.

■ The last quoted statement of the Arizona Supreme Court gives us some concern. What is the situation if the departmental report contains the names of confidential informants whose names need not be disclosed? What is the situation if the report of the officer who is on the witness stand contains other interesting but inadmissible information? In the case now before us the County Attorney urges a matter which is not reflected in the record which was made before the Respondent Jennings and that is that the report which Officer Gonzales used to refresh his recollection prior to testifying was a composite report participated in by officers in addition to Officer Gonzales. Does this make a difference? We have not seen the report and we cannot speculate as to its contents, this being true whether the request arises in a preliminary hearing or in a Superior Court trial. *In camera* reviews of the departmental reports by the presiding judicial officer are not favored by our Supreme Court. In the Brooks case now under consideration by Department B the Court distinguishes between *in camera* examinations to determine materiality of the content of the report and the *in camera* consideration of the report for the purpose of determining those portions of the report which were prepared by the testifying officer. This aspect of *in camera* examination has not been presented to our Supreme Court. In addition to the brief review of the Arizona cases set forth in this section of the opinion see also the hereinbefore cited case of State ex rel. Corbin v. Superior Court of Maricopa County, 103 Ariz. 465, 445 P.2d 441 (1968).

## THE PRELIMINARY HEARING

■ In the preliminary hearing the presiding magistrate rules upon the admissibility of evidence. The presiding magistrate is not empowered to order that evidence be suppressed although he may sustain an objection to the admissibility of evidence if he is of the opinion that it should be suppressed. State v. Jacobson, 106 Ariz. 129, 471 P.2d 1021 (1970).

The preliminary hearing is not a trial. In the case of State v. Altman, 107 Ariz. 93, 482 P.2d 460 (1971), our Supreme Court, with regard to a preliminary hearing, quoted with approval from a Nevada case as follows:

" 'Its purpose is to determine whether a public offense has been committed and whether there is sufficient cause to believe that the accused committed it. The state must offer some competent evidence on those points to convince the magistrate that a trial should be held. The issue of innocence or guilt is not before the magistrate. That function is constitutionally placed elsewhere. The full and complete exploration of all facets of the case is reserved for trial and is not the function of a preliminary examination. It follows that a greater restriction upon the examination of witnesses is permissible at the preliminary examination stage of the criminal process than at the trial.' " 107 Ariz. at 95, 482 P.2d at 462.

The Supreme Court then stated:

"We will not look for reversible error in the evidentiary rulings of the justice of the peace who is not required to be trained in the law." 107 Ariz. at 95, 482 P.2d at 462.

■ Criminal Rule 23 gives the defendant in a preliminary hearing the right of cross-examination. This would include the right to examine the departmental report of the testifying officer for use in connection with that cross-examination. Criminal Rule 30, subsec. B authorizes the use of the reporter's transcript of the preliminary hearing in evidence in the Superior Court trial under certain circumstances. This is not an unlimited right. See the recent case of State v. Galvan, 108 Ariz. 212, 495 P.2d 442 (1972). It may well be that if the presiding magistrate at the preliminary hearing denies the use of

a departmental report at the cross-examination of a testifying officer, such denial could be the basis of successfully objecting to the use of the reporter's transcript at the Superior Court trial.

We hold that the Respondent Jennings had the authority to require the production of the departmental report for use in the cross-examination of Officer Gonzales. His failure to do so would not invalidate the preliminary hearing if probable cause to bind the petitioner over to the Superior Court is established by adequate evidence. His failure to permit the examination of the departmental report would not be such an erroneous evidentiary ruling that would require that the preliminary hearing be remanded for a further hearing, or if the petitioner was convicted in the Superior Court and appealed, would require that the case be reversed because of the inadequacy of the preliminary hearing.

The ruling of the Respondent Jennings is a professional ruling relative to the admissibility of evidence. The Court of Appeals is not in a position to reverse the Respondent Jennings even should we be convinced that under all the circumstances the ruling was error. The Court of Appeals is not in a position to direct the manner in which the Respondent Jennings rules upon any particular evidentiary objection. If there be a directive that the departmental report is to be examined that directive at the preliminary hearing phase of the case must be made by the presiding magistrate and it cannot be by order of the Superior Court or this Court directed to the presiding magistrate or to the County Attorney.

We are of the opinion that we are not in a position to enter an enforceable order in relation to Respondent Jennings' exercise of his judicial discretion in his ruling upon the request for leave to examine the departmental report. Under these circumstances the relief requested by this special action is denied.

CASE and DONOFRIO, JJ., concur.