498 P.2d 481

Don Joseph BROOKS, Petitioner,

v.

The Honorable Renz D. JENNINGS, Justice of the Peace, East Phoenix Precinct No. 1; The Honorable Robert L. Myers, Judge of the Maricopa County Superior Court; STATE of Arizona ex rel. Moise BERGER, Maricopa County Attorney, Real Party in Interest, Respondents.

No. 1 CA–CIV 1988.

Court of Appeals of Arizona,
Division 1,
Department B.

June 15, 1972.

Rehearing Denied July 13, 1972.

Review Denied Sept. 19, 1972.

Stewart & Florence, by Henry J. Florence, Phoenix, for petitioner.

Moise Berger, Maricopa County Atty., by Joseph Abodeely, Deputy County Atty., Phoenix, for respondents.

JACOBSON, Judge.

This special action seeks a determination of whether a departmental report prepared in part by a witness law enforcement officer is available for inspection by the defense at a preliminary hearing.

Petitioner Don J. Brooks is presently charged in the East Phoenix Precinct No. 1 Justice Court with violations of certain criminal statutes. Respondent, The Honorable Renz D. Jennings, is the justice of the peace for the said precinct, who is conducting a preliminary hearing on said charges. Respondent, The Honorable Roybert L. Myers, is a judge of the superior court who heard a previous special action involving the same subject matter as the present case and denied the relief requested by petitioner. Respondent State of Arizona is the real party in interest.

On October 15, 1971 petitioner's preliminary hearing began before Justice of the Peace Jennings. The first witness called by the state was one of the investigating law enforcement officers who, on several occasions during his testimony, referred to a "departmental report" to refresh his recollection. This officer testified that this report had been prepared in part by him, and the state claims that this particular document is a "composite report" covering not only matters investigated by this officer but also by several others who had not testified. After the witness had used the departmental report to refresh his recollection, petitioner's counsel requested that he be permitted to examine those portions of the report which had been prepared by the witness and which were referred to by him during his testimony, for the purpose of impeachment. Respondent Jennings denied the request and refused to permit any access to the report by the defense counsel. He did, however, suspend the hearing and grant a continuance to permit the defendant to bring a special action in superior court to question his ruling.

Petitioner brought such a special action seeking an order requiring that he be permitted to examine the departmental report, and respondent Myers denied the requested relief. Thereupon petitioner brought this special action in this court, requesting an order directing respondent Jennings to permit petitioner to examine the departmental report.

We note initially that the preliminary hearing started on October 15, 1971 and

was suspended on that date. Thus, a period of approximately six months had elapsed before this matter was filed in this court, during which time the preliminary hearing has been suspended. For this reason, and this reason alone, this court accepts jurisdiction in this matter, so that the lapse of time will not be a complete waste. We also note that Department A of this court has a similar type of case pending at the present time (Eva Mae Zarate v. The Honorable Renz D. Jennings, et al., 17 Ariz.App. 401, 498 P.2d 475 (1972).

For the future guidance of those concerned, however, this court views with disapproval the procedure of suspending a preliminary hearing for the purpose of obtaining a review by a higher tribunal of evidentiary or other interlocutory rulings made by the justice conducting the preliminary hearing. After the completion of the preliminary hearing, rulings as to whether the totality of evidence presented constitutes probable cause can be promptly reviewed either by means of a writ of *habeas corpus* or by a motion to quash the information in the superior court.

■ Under our rules of criminal procedure, Rule 195, Rules of Criminal Procedure, 17 A.R.S., and the decisions of our Supreme Court, the defendant in a criminal case has limited discovery rights, including, in the appropriate circumstances, the right to examine a departmental report such as that involved here. The basic rules for such procedure are summarized in State ex rel. Corbin v. Superior Court, 103 Ariz. 465, 445 P.2d 441 (1968). With respect to a departmental report or notes prepared by a law enforcement officer who testifies at the trial, it has been held that the defendant is entitled to examine the report or notes for impeachment purposes, whether or not the witness uses the document to refresh his recollection, and failure of the court to permit examination of the officer's report or notes by the defense constitutes prejudicial error. State v. Ashton, 95 Ariz. 37, 386 P.2d 83 (1963); State

v. Saenz, 88 Ariz. 154, 353 P.2d 1026 (1960).

■ However, where the document includes matters or statements other than those prepared personally by the witness in connection with whose testimony the examination is sought, discovery or examination is permitted only with respect to those portions prepared by the witness, and the entire report or document is not required to be produced for examination. State v. Wallace, 97 Ariz. 296, 399 P.2d 909 (1965).

■ We can see no reason justifying failure to apply the rule of *Saenz* and *Ashton* at the preliminary hearing stage as well as at the trial stage, and accordingly we hold that it does apply at a preliminary hearing as well as when a witness testifies at trial. The purpose of the rule is to make available the prior document for purposes of impeachment of the witness who is testifying, and since in both cases his testimony is being offered as evidence, although for a different final determination in each case, the furnishing of possible impeaching material is as much justified at the preliminary hearing as at the trial. However, as previously indicated, because of the difference in the determination being made—probable cause versus guilt or innocence—an appellate court will more readily apply a stricter standard of review for due process compliance with respect to rulings concerning discovery made during the trial than those made by the justice of the peace at a preliminary hearing.

■ In this case, the court is unable to grant the relief requested because the report itself has not been furnished as part of the record herein. Because of this, we are unable to examine the departmental report to determine what portions of that report were actually prepared by the witness so that we can determine what portions the defendant should be permitted to examine. Under the cases cited above, it is clear that those portions of the departmental report which were prepared by other witnesses who have not yet testified at the prelimi-

nary hearing are not required to be furnished to the defendant for examination.

The proper procedure to be followed by the justice of the peace when presented with the "composite report" problem would be for the justice to receive any foundational evidence required from the witness to identify the portions which he prepared and then for the justice to examine the report *in camera*[1] to determine those portions of the report prepared by the witness and which then should be furnished to the defendant for examination. *See* State ex rel. Berger v. Superior Court, 105 Ariz. 473, 467 P.2d 61 (1970).

■■ As indicated our basis for declining to grant relief in this action stems from a lack of factual data before this court upon which a determination can be made. This differs from the view of Department A of this court in its opinion in Zarate v. Jennings, previously referred to. In that opinion, Department A states: "The Court of Appeals is not in a position to reverse the Respondent Jennings even should we be convinced that under all the circumstances the ruling was error." This view apparently flows from a determination of lack of jurisdiction of this court over a justice of the peace. We concur that normally this court does not have any appellate jurisdiction over matters arising initially in justice court except under very limited circumstances and for that reason we also lack special action jurisdiction. *See* Crouch v. Justice of the Peace Court of Sixth Precinct, 7 Ariz.App. 460, 440 P. 2d 1000 (1968). However, when a justice of the peace is conducting a preliminary hearing to determine probable cause to hold a defendant for a felony over which this court would have appellate jurisdiction, we are of the opinion we have special action jurisdiction over the actions of that justice of the peace. This is based upon the reasoning set forth in Morrison v. Superior Court of Coconino County, 10 Ariz. App. 601, 461 P.2d 170 (1969) and that is, if this court has potential direct appellate jurisdiction over the subject matter under consideration by the lower court, it has special action jurisdiction. In our opinion, potential direct appellate jurisdiction over the subject matter of a preliminary hearing could arise in either of two ways: (1) assuming a bind over order by the justice of the peace and a decision of guilty in Superior Court, by direct appeal of that judgment of guilt, or (2) assuming a bind over order by the justice of the peace and an attack by way of *habeas corpus* on that bind over order in superior court, by appeal to this court from a denial of that writ of *habeas corpus*. In either event, this court has "potential direct appellate jurisdiction" sufficient to effect the justice of the peace by special action relief.

We reiterate that the proper procedure to be followed in preliminary hearings by justices of the peace with respect to any evidentiary or procedural rulings arising during the hearing is for the justice to make his ruling and continue with the hearing to its conclusion, assuming that the ruling itself does not conclude the matter. Assuming that the defendant is in fact bound over to superior court, the question of whether he has been afforded due process can then be reviewed after the entire preliminary hearing has been completed, and on the basis of the entire proceedings, rather than on an interrupted and piecemeal basis as attempted here, which is neither economical, expeditious, or constitutionally required.

For the reasons above stated, the relief requested is denied.

HAIRE, Chief Judge, Division 1, and EUBANK, J., concur.

---

1. The *in camera* inspection should be limited to the factual determination by the justice of the peace as to which portions of the composite report were prepared by the witness and not a determination as to whether they are material.