536 P.2d 1042

**The STATE of Arizona ex rel. Moise BERGER, Maricopa County Attorney, Petitioner,**

v.

**JUSTICE COURT OF NORTHEAST PHOENIX PRECINCT, COUNTY OF MARICOPA, State of Arizona, the Honorable Harold Lee, Justice of the Peace, and the Honorable C. Kimball Rose, Judge of the Superior Court, and Herbert MOGEL and Kathy E. DeVane, Real Parties in Interest, Respondents.**

**No. 12073.**

Supreme Court of Arizona, In Banc.

June 13, 1975.

Moise Berger, Maricopa County Atty. by Michael Donovan, Deputy County Atty., Phoenix, for petitioner.

Flynn, Kimercr, Thinnes, Derrick & Lindholm by Thomas A. Thinnes, Phoenix, for respondent Mogel.

Joseph Erlichman, Phoenix, for respondent DeVane.

CAMERON, Chief Justice.

We accepted this petition for special action to consider the actions of the Judge of the Superior Court of Maricopa County, The Honorable C. Kimball Rose, in declining to restrain the Justice of the Peace of the Northeast Phoenix Justice Court, The Honorable Harold Lee, from proceeding in excess of his jurisdiction.

We have only one question to consider and that is: Does Rule 5.3(a) of the Rules of Criminal Procedure 1973, 17 A.R.S., provide for discovery prior to direct examination at a preliminary hearing?

The facts necessary for a determination of this matter are as follows. On or about 23 March 1975 defendants, Herbert Mogel and Kathy DeVane, were charged with the crime of conspiracy to commit murder, A. R.S. §§ 13–331, 332, 138, 139 and 140. Prior to the preliminary hearing the defendant Mogel filed a motion for production and discovery of the county attorney's entire file. The motion read as follows:

"The Defendant, Herbert Mogel, by and through his attorney undersigned, pursuant to Rule 5.3(a) of the Arizona Rules of Criminal Procedure, respectfully requests this Court to enter an order requiring the State to produce for inspection all of the transcripts of purported tape-recorded telephone conversations and in person conversations between and among the Defendants and Camilla Behrens. Additionally, the Defendant requests that the Court enter an order compelling the prosecution to turn over for inspection prior to the preliminary hearing any and all written statements in relation to the above-entitled case."

The codefendant Kathy DeVane joined in this motion. The Honorable Harold Lee, Justice of the Peace, granted the order for production requiring discovery before 7 April 1975 of all departmental reports and any tape recordings to be used at the 10 April preliminary hearing.

Petitioner filed a writ of special action in the Superior Court of Maricopa County and after hearing the court dismissed the complaint. From said dismissal petitioner brought a special action in this court. We accepted jurisdiction because of the importance of the question in interpreting our Rules of Criminal Procedure 1973 and because there was no adequate remedy by appeal. Zarate v. Jennings, 17 Ariz. App. 401, 498 P.2d 475 (1972). We are not concerned with the scope of the motion but the propriety of a motion for discovery made before testimony of a potential witness at a preliminary hearing.

Rule 5 of the Rules of Criminal Procedure 1973 is concerned with the procedure to be followed at the preliminary hearing. Rule 5.3(a) provides in part:

"* * * All parties shall have the right to cross-examine the witnesses testifying personally against them, and to review their previous written statements prior to such cross-examination. * * *"

The Comment to Rule 5.3 reads in part as follows:

"The defendant retains his right to full cross-examination including the use of Jencks statements; * * *"

This portion of the rule and the Comment thereto merely restates what has been the general rule in this State that when a person testifies he may be cross-examined by use of previously written statements which must be made available for that purpose. State v. Green, 103 Ariz. 211, 439 P.2d 483 (1968); State v. Seymour, 21 Ariz.App. 144, 517 P.2d 102 (1973). In the case of a police officer this may, with some limitations, State ex rel. Corbin v. Superior Court, 99 Ariz. 382, 409 P.2d 547 (1966), include the departmental report. This rule of law has been limited to the right to examine the reports of testifying officers:

"We therefore hold that the defendant was not entitled to see the investigative reports of the officers whom the state intended to call as witnesses." State ex rel. Corbin v. Superior Court, supra, 99 Ariz. at 385, 409 P.2d at 549.

The Arizona Rules of Criminal Procedure 1973 provide for liberal discovery after the defendant has been arraigned in the Superior Court, Rule 15.1(a), or after the indictment or information has been filed. Rule 15.2(a). The rules do not provide for full discovery at the preliminary hearing stage. We therefore hold that the Justice of the Peace, The Honorable Harold Lee, exceeded his authority under the rules in ordering discovery prior to testimony at the preliminary hearing, and that

the Judge of the Superior Court, The Honorable C. Kimball Rose, abused his discretion in not granting the relief requested by the county attorney in his petition for special action in the Superior Court.

In considering the matter before the court, we are not unmindful that reviewing the rulings on discovery of a Justice of the Peace at a preliminary hearing could well encourage, if not invite, further petitions for special actions in this court and in the Superior Court from discovery and evidentiary rulings in a preliminary hearing. This we do not wish to do. We took this matter only because we felt there was some confusion regarding the applicability of the wide discovery provisions of Rule 15 of the Rules of Criminal Procedure 1973 to the preliminary hearing. Were it not for what we believe to be the compelling reasons for making a statement on this subject at this time we would have followed the statement of Judge Stevens of the Court of Appeals:

"The ruling of the Respondent Jennings is a professional ruling relative to the admissibility of evidence. The Court of Appeals is not in a position to reverse the Respondent Jennings even should we be convinced that under all the circumstances the ruling was error. The Court of Appeals is not in a position to direct the manner in which the Respondent Jennings rules upon any particular evidentiary objection. If there be a directive that the departmental report is to be examined that directive at the preliminary hearing phase of the case must be made by the presiding magistrate and it cannot be by order of the Superior Court or this Court directed to the presiding magistrate or to the County Attorney.

"We are of the opinion that we are not in a position to enter an enforceable order in relation to Respondent Jennings' exercise of his judicial discretion in his ruling upon the request for leave to examine the departmental report. Under these circumstances the relief requested by this special action is denied." Zarate v. Jennings, supra, 17 Ariz.App. at 407, 498 P.2d at 481.

The matter is remanded to the Superior Court of Maricopa County for further proceedings consistent with this opinion.

STRUCKMEYER, V. C. J., and LOCKWOOD, HAYS and HOLOHAN, JJ., concur.